1  David N. Makous, SBN 82409
2  Matthew J. Soroky, SBN 258230
   Nilam J. Patel, SBN 232195
3  LEE, HONG, DEGERMAN, KANG & WAIMEY
   660 South Figueroa Street, Suite 2300
4  Los Angeles, California 90017
   Telephone: (213) 623-2221
5  Facsimile:  (213) 623-2211

6  Attorneys for Plaintiffs, U.S. Marine Surveyors, Inc.
7  and U.S. Vessel Documentation

8                **UNITED STATES DISTRICT COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10

11  U.S. MARINE SURVEYORS, INC., a          CASE NO.:
    California corporation; U.S. VESSEL
12  DOCUMENTATION, a California             **COMPLAINT FOR:**
    corporation,
13                                          1.   **DIRECT COPYRIGHT**
14                                               **INFRINGMENT;**
              Plaintiffs,                   2.   **CONTRIBUTORY**
15                                               **COPYRIGHT**
    vs.                                          **INFRINGMENT;**
16                                          3.   **VICARIOUS COPYRIGHT**
17  EDWARD RIENER, an individual;                **INFRINGMENT;**
    EDWARD RIENER D.B.A.                    4.   **VIOLATION OF**
18  ELEMENTAL WEB DESIGN, an                     **CALIFORNIA**
19  unknown entity,                              **COMPREHENSIVE**
                                                 **COMPUTER DATA ACCESS**
20                                               **AND FRAUD ACT [CAL.**
              Defendants.                        **PEN. CODE § 502];**
21                                          5.   **CONVERSION;**
22                                          6.   **VIOLATION OF THE**
                                                 **DEFENSE OF TRADE**
23                                               **SECRETS ACT;**
24                                          7.   **VIOLATION OF THE**
                                                 **CALIFORNIA UNIFORM**
25                                               **TRADE SECRETS ACT;**
26                                          8.   **FALSE REPRESENTATIONS**
                                                 **AND ADVERTISING**
27                                               **[15 U.S.C. § 1125(a)];**
28                                          9.   **CYBERSQUATTING**
                                                 **[15 U.S.C. § 1125(d)];**

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

10. **UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200 AND COMMON LAW;**
11. **INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS;**
12. **INTENTIONAL INTERFERENCE WITH PROSECTIVE ECONOMIC ADVANTAGE;**
13. **BREACH OF EXPRESS CONTRACT;**
14. **FRAUD AND DECEIT**

**DEMAND FOR JURY TRIAL**

Plaintiffs U.S. Marine Surveyors, Inc. and U.S. Vessel Documentation (collectively, "Plaintiffs"), for their Complaint against Edward Riener ("Riener"), Edward Riener d.b.a. Elemental Web Design ("EWD") (collectively, "Defendants"), allege as follows:

## NATURE OF THE ACTION

1.     This is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 102, 501 and 504 (Unauthorized Copying and Display of Copyrighted Works); violations of the California Comprehensive Computer Data Access and Fraud Act, Cal. Pen. Code § 502; conversion; misappropriation of trade secrets under the Defend Trade Secrets Act, 18 U.S.C. 1836 and the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426 *et seq*.; false representations and advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); cybersquatting under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d); unfair competition under Section 17200 of California Business and Professions Code and common law; intentional interference with contractual relations; intentional interference with prospective economic advantage; breach

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

1    of an express contract; and fraud and deceit.

2        2.    As set forth in greater detail below, Plaintiffs allege that their former

3    web designer engaged in a calculated and premeditated scheme to hijack

4    Plaintiffs' website domains, and Plaintiffs' thriving marine surveyor and vessel

5    documentation businesses, and to commit brazen identity theft by holding out to

6    the public that these web-based businesses are his own.

7        3.    Only July 1, 2016, Riener demanded $50,000 from Plaintiffs or else

8    he would shut down their vessel documentation website, vesseldocumentation.us.

9    Plaintiffs refused to pay, and within hours of such extortion demand Riener

10   proceeded to convert Plaintiffs' business to his own devise, launching the same

11   websites days later under a slightly different name and with all traffic for both

12   websites rerouted to vesseldocumentation.us.

13       4.    Prior to this, Riener had a pattern of studying Plaintiffs' business

14   model, customer preferences, business and personal communications, customer

15   identities and preferences, payment histories and profitability by illegally

16   accessing Plaintiffs' information under the guise of providing web management

17   services to Plaintiffs.

18       5.    Customers are in no way shape or form able to differentiate

19   Plaintiffs' business from Riener's, and Plaintiffs believe Riener is reaping the

20   benefits of Plaintiffs' business, labor and goodwill.  Needless to say, Riener's acts

21   have caused Plaintiffs significant damages and loss of substantial revenues and

22   goodwill.

23                                **THE PARTIES**

24       6.    Plaintiff U.S. Marine Surveyors, Inc. ("USMS") is a corporation

25   organized and existing under the laws of the State of California with its principal

26   place of business in Long Beach, California.  USMS was incorporated in

27   California on June 1, 2015.

28

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

7. Plaintiff U.S. Vessel Documentation ("USVD") is a corporation organized and existing under the laws of the State of California with its principal place of business in Long Beach, California. USVD was incorporated in California on February 18, 2016.

8. Upon information and belief, defendant Riener is an individual who may be doing business as EWD, perhaps an entity of unknown form. Riener seems to reside in many places and his whereabouts are unclear. He resides, has lived, and/or done business at the following addresses:

(a) 28601 Los Alisas Boulevard #3025, Mission Viejo, California 92692;

(b) 2841 Versante Terrace, Chino Hills, California 91709;

(c) 10381 McClure Avenue, Garden Grove, California 92843; and/or

(d) 106 Del Cabo, San Clemente, California 92673.

9. Plaintiffs are informed and believe, and on that basis allege, that during all times mentioned herein, each of the defendants was the duly authorized agent, servant or representative of each other defendant and was acting at all times both, on behalf of and within the course and scope of its agency, or representative capacity, with the knowledge and consent of the other defendant.

10. Plaintiffs are unaware of the identities or participation of Defendants' conspirators, if any, and reserve the right to amend this Complaint to add them as defendants upon verification.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over Plaintiffs' claims under and pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), 18 U.S.C. § 1836(c); 15 U.S.C. § 1121, and 28 U.S.C. § 1367.

12. This Court has personal jurisdiction over the defendants because defendants are located in California; defendants transact business in California;

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

1   and defendants have committed and threatened to commit tortious acts in this

2   judicial district.

3       13.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§

4   1391(b)(1) and (2), (c)(1), (c)(2), and 1400.

## GENERAL ALLEGATIONS

7       14.     USMS conducts inspections, surveys, appraisals and examinations of

8   civilian marine vessels and their cargo for compliance with the U.S. Coast

9   Guard's standards and specifications.  USVD offers national registration services

10  to the U.S. Coast Guard for civilian vessels operating on the navigable waters of

11  the United States.

12      15.     Plaintiffs conceived of, planned, created and developed their marine

13  surveyor and vessel documentation business models to overwhelming success,

14  with revenues in recent months averaging $35,000 per week on vessel

15  documentation alone.  USVD is the top-rated agency in the United States for

16  handling U.S. Coast Guard documentation processing to the National Vessel

17  Documentation Center.

18      16.     On or about June 2015, USMS hired Defendants to build an

19  interactive website for USMS to attract its customers, service its customers, and

20  for a fee, conduct its marine surveying business.   This website eventually became

21  usmarinesurveyors.com ("USMS Website").

22      17.     Realizing the success of the documentation feature within the USMS

23  Website, in the fall of 2015, USMS requested Defendants to build it a separate

24  (second) website to process vessel registration and proper vessel documentation.

25  This eventually became vesseldocumentation.us ("VD Website"), for the vessel

26  documentation business to be conducted exclusively online.  Eventually it was

27  conducted under the domain name vesseldocumentation.us.  USMS Website and

28  VD Website shall be collectively referred to as "Plaintiffs' Websites."

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

18. USMS and Riener had memorialized their terms of engagement in a Web Development Agreement dated July 8, 2015. A true and correct copy of the Web Development Agreement is attached hereto as **Exhibit 1**. Through the actions, statements and documents exchanged between Plaintiffs and Riener, the July 8, 2016 Web Development Agreement has been modified to include the VD Website on the same terms and conditions as the USMS Website. A true and correct copy of Riener's email to Plaintiffs on October 3, 2015, in which he confirms these terms and acknowledges receipt of payment, is attached hereto as **Exhibit 2**.

19. The Web Development Agreement states that "if at any time US Marine Surveyors requests full rights or transfer to the intellectual property, the site build, SQL server data, and the domain name, EWD will transfer all data and full authority to US Marine Surveyors within 72 hours." Plaintiffs have requested this information from Riener on numerous occasions, and hereby renew such request.

## PLAINTIFFS' OWNERSHIP AND REGISTRATION
## OF THE WEBSITES

20. USMS has complied with statutory formalities for registration of the copyright of vesseldocumentation.us web content prior to filing this case. On or about 6 pm on July 19, 2016, USMS deposited with the USPS via priority mail its application for registration of the vesseldocumentation.us web content with the Registrar of Copyrights and has submitted all required fees, and deposit materials to the United States Copyright Office. USMS intends to apply on July 20, 2016 for registration for the copyright of usmarinesurveyors.com web content via priority mail. The application has been completed. True and correct copies of Plaintiffs' applications for registration of both the vesseldocumentation.us web content and the usmarinesurveyors.com web content are attached hereto as **Exhibit 3** and **Exhibit 4**, respectively.

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

1    21.    USVD was using these copyrights with USMS's permission.

2    22.    During the entire creation and launch of Plaintiffs' Websites, and

3    subsequent management and operation by their principals and employees,

4    Plaintiffs actively directed, controlled and approved all design elements of the

5    websites' pages.  Defendants acted solely as Plaintiffs' agent and employee and,

6    in any event, assigned all copyrights in Plaintiffs' Websites to Plaintiffs pursuant

7    to the Web Development Agreement.

8    23.    USMS paid Defendants to register the domain names of Plaintiffs'

9    two Websites, acting as its undisclosed proxy and agent to the principal, USMS.

10   Riener gave assurances to USMS that he understood his duties as an agent and

11   would establish all registrations and web hosting accounts and for Plaintiffs'

12   Websites in Plaintiffs' name.

13   24.    Furthermore, Defendants posted copyright notices on the footers of

14   the homepages on Plaintiffs' Websites indicating Plaintiffs' ownership.  True and

15   correct copies of the homepages for Plaintiffs' Websites and their respective

16   footers (taken before Riener shut down Plaintiffs' Websites), are attached hereto

17   as **Exhibit 5**.

18   25.    Unbeknownst to Plaintiffs, Riener had, in fact, registered the domain

19   names in his own personal name, and established an account with a webhost

20   called Greengeeks in his own personal name.  Riener has since refused to transfer

21   domain names and webhost account to Plaintiffs.

22   26.    To build Plaintiffs' Websites, Riener utilized a widely used open

23   source content management system called WordPress.  Riener purportedly

24   created administrative credentials for the WordPress program in the name of

25   Plaintiffs' principal officer, John Soria.  A true and correct copy of an image

26   showing Plaintiffs' credentials on the WordPress dashboard (taken before Riener

27   shut down Plaintiffs' Websites) is attached hereto as **Exhibit 6**.

28   27.    For Defendants' services, USMS paid all fees as agreed to.

1    Defendants have been fully paid for all services through June 30, 2016.

2         28.    Riener asked Plaintiffs, through their principals, agents and
3    employees, for logins and passwords to access Plaintiffs' Websites on several
4    occasions to fix various problems with the websites and social media pages.
5    Upon information and belief, Riener was able to gain entry to (and thereafter lock
6    Plaintiffs out of) all business information, including Plaintiffs' Websites, the
7    hosting servers, their emails, their financial and customer data.  Plaintiffs are
8    informed and believe that Defendants retained the logins and passwords to
9    commit the acts alleged herein.

10        29.    Plaintiffs have made multiple requests to Defendants to provide the
11   administrative login and password credentials to access Plaintiffs' websites'
12   controls, the domains, the hosting servers, and receipts for hosting companies and
13   the domain names.  Riener refused to comply.

14        30.    Plaintiffs eventually decided to terminate their relationship with
15   Riener.  Plaintiffs' principal, John Soria, advised Riener via text message on July
16   1, 2016 at 10:19 a.m.:

17        "We have no access to change our case processing dates, or anything else
18        on our site.  Our new development company needs access to our site's
19        dashboard, anything that happens to our site or monetary damages from the
20        date we requested this information will be added to our suit.  Our
21        relationship with you has ended, we demand this information which we
22        own now."

23        31.    Riener became disgruntled with Plaintiffs' demands and the financial
24   success of Plaintiffs' businesses, and thereafter sought retribution, acting
25   maliciously, oppressively and fraudulently.

26                       **RIENER'S UNLAWFUL ACTS**

27        **A. Defendants' Extortion Attempt and Unlawful Shutdown**
28             **of the Plaintiffs' Websites on July 1, 2016**

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

32. On July 1, 2016 at 3:07 p.m., Defendants sent the following extortionary threat via text message to John Soria:

"I must regretfully tell you that the lease of my sites (you've paid for a temporary lease) is over, due to the threats of lawsuits. If you would like to pay full price for the documentation site and the domain name (along with intellectual property rights) I will sell that site to you for $50,000 (what it's worth). You may not have access to my server, nor my domains...."

33. Plaintiffs' never "leased" any property from Riener. At no time prior to this demand had Riener ever articulated to Plaintiffs that he owned and was leasing Plaintiffs' Website to Plaintiffs.

34. During this process, Riener also threatened to sell Plaintiffs' Websites to the highest bidder. Riener also revealed that he had access to Plaintiffs' customer information. This included customer identities and contact information, contracts and pricing and other sensitive, proprietary information and trade secrets.

35. Within three hours of Defendant's $50,000 demand, Riener sent the following text message to one of Plaintiffs' document processors:

"After thoughtful consideration, I've decided to end the lease of the Documentation website between Me and John....I have owned the domain, have built the entire website and own all of the intellectual property rights to the site, and haven't been compensated for about 4 months of Web design work (I built the entire site from scratch and put hundreds of hours perfecting it)..."

36. Riener proceeded to shut down Plaintiffs' Websites and deactivate the host servers. During the shutdown, Riener caused the VD Website to redirect users to a page that was "down for maintenance," as shown on **Exhibit 7**.

37. Later that evening, Riener proceeded to change the login information to the WordPress dashboard and to Plaintiffs' Web Host Manager account, so that

1 | Plaintiffs' usernames and passwords were no longer valid, as shown on

2 | **Exhibit 8**.

3 |   38.   Plaintiffs' Websites remained offline throughout the Fourth of July

4 | holiday weekend, probably their highest sales weekend of the year.  Instead,

5 | Plaintiffs were completely locked out of their marine surveyor and vessel

6 | documentation businesses.

7 |   39.   Plaintiffs have thousands of customers and typically receive 30-60

8 | emails per day.  Once Riener shut down Plaintiffs' Websites, Plaintiffs were

9 | unable to transact any business with its customers, much less make contact with

10 | them.

**B. Riener's Continued Hacking Activity on July 3, 2016**

11

12 |   40.   On or about the early hours of July 3, 2016, Plaintiffs learned that

13 | Riener continued unauthorized and illegal access and entry to Plaintiffs' Google

14 | account:

15 |   (a)   Riener ordered an archive of Plaintiffs' entire Google data, which

16 |         contained Plaintiffs' Google Bookmarks, Contacts, Groups,

17 |         Hangouts, Keep, Location History, Maps, Tasks, Calendar, Drive,

18 |         Fit, Google Photos, Google Play Books, Mail, and YouTube data,

19 |         which contained highly sensitive commercial information from

20 |         Plaintiffs' business (including customer information and emails with

21 |         customers) and personal emails from Plaintiffs' principals, without

22 |         Plaintiffs' knowledge or consent.  A true and correct copy of

23 |         Google's archive download notification to Plaintiffs is attached

24 |         hereto as **Exhibit 9**.

25 |   (b)   Riener Hacked into Plaintiffs' email account and changed the

26 |         passwords, changed the name of the email account from U.S. Vessel

27 |         Documentation to Elemental Web Design, added defendant's

28 |         personal email as a recovery, and made other improper substitutions.

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

(c)   Riener obtained access to Plaintiffs' credit card, billing and other proprietary, confidential and sensitive information on Plaintiffs' "Google for Work" account.

(d)   Riener blocked Plaintiffs from accessing their Facebook account.

(e)   Riener changed the domain registry from vesseldocumentation.us to boatdocumentation.us.

41.   At no time since the hijacking of Plaintiffs' Websites has Riener referred any of Plaintiffs' customers to Plaintiffs.

### C. Riener Unlawfully Hijacks Plaintiffs' Entire Businesses

42.   On or about July 10, Plaintiffs' URL to the VD Website came back online. This Website appeared to have the same layout and content, except that Riener had removed the prominently displayed USVD logo and replaced it with a different logo, Boatdocumentation.us, as show on **Exhibit 10**.

43.   Although blog entries on the website remained in the name of "U.S. Vessel Documentation" as of July 10, Riener had replaced "U.S. VESSEL DOCUMENTATION, INC." from the copyright notice section of the VD Website with "BOAT DOCUMENTATION US", as shown on **Exhibit 11**.

44.   Riener had hacked into Plaintiffs' incoming and outgoing email handle used to communicate with the vessel documentation customers, info@vesseldocumentation.us. This email remains displayed on the VD Website still under Riener's sole unauthorized control. Riener had also hacked into other email addresses belonging to Plaintiffs, and changed the telephone and fax numbers displayed on the VD Website to his own. As a result, Plaintiffs were unable to correspond with their customers. Plaintiffs' customers were unknowingly messaging Riener instead of Plaintiffs.

45.   Plaintiffs were eventually able to reach some of their customers about the email hack. The customers advised that they had written emails to Plaintiffs at info@vesseldocumentation.us, believing that they were contacting

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

1   Plaintiffs.

2       46.    Plaintiffs also discovered that Riener hacked into their Facebook

3   page and uploaded his Boat Documentation US logo on July 3. All other content

4   on the page, including the user comments and contact information, remained in

5   USVD's name, as shown on **Exhibit 12**.

6       47.    This Facebook account bearing Defendants' logo has retained

7   Plaintiffs' followers and its email handle info@vesseldocumentation.us on the

8   "About" section of the Facebook page.

9       48.    Defendants have also added a Google Plus page link to

10   vesseldocumentation.us now controlled by Defendants, which contains a

11   hyperlink to the coopted VD Website and email handle

12   info@vesseldocumentation.us owned by Plaintiffs.

13       49.    Defendants are presently advertising the VD Website through

14   sponsored paid-for advertising on Bing, Yahoo and Google search engines.

15       50.    Earlier in the business relationship, Plaintiffs had previously

16   discussed starting up a separate business under the name "Boat Documentation

17   US." Plaintiffs had intended to file Articles of Incorporation for this business

18   before defendants hijacked the Plaintiffs' Websites.

19             **D. The USMS Website Now Redirects To The VD Website**

20                       **Hijacked By Defendants**

21       51.    Defendants have caused the Plaintiffs' former USMS Website to

22   redirect to the hijacked (formerly Plaintiffs') VD Website, which Riener still

23   unlawfully controls. Defendants have access to Plaintiffs' surveyor business and

24   are actively soliciting Plaintiffs' customers through their search for the USMS

25   Website, thus jeopardizing Plaintiffs' separate marine surveyor business.

26       52.    Defendants locked Plaintiffs out of their Google accounts related to

27   the marine surveyor business and they remain unable to gain access.

28       53.    In order to remain in business despite Riener's unlawful taking of

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

1  Plaintiffs' Websites, Plaintiffs were forced to establish an entirely new vessel
2  documentation website, uscgdocumentation.us, with another developer on an
3  emergency basis from July 5 to July 15, 2016.

4       54.    Plaintiffs had spent significant sums on business cards, flyers,
5  brochures, logo design, office signage and other marketing material bearing the
6  URL "www.vesseldocumentation.us", which are now unusable due to Riener's
7  unlawful hijacking of Plaintiffs' Websites and renaming "U.S. Vessel
8  Documentation" at vesseldocumentation.us to "Boat Documentation US" under
9  the existing URL.

10      55.    Plaintiffs also have reason to believe that Defendants have engaged
11 in "click fraud" by releasing an Internet spiderbot that uses up Plaintiffs' allotted
12 pay-per-clicks from Google and other search engines for sponsored keyword
13 searches, thus causing Plaintiffs' uscgdocumentation.us website to cost more per
14 click ($50 instead of $3) and to be featured less as a sponsored word, giving
15 Riener an unearned and unfair advantage. Riener has thus forced a bidding war,
16 using Plaintiffs' own VD Website, to compete for web traffic. The cost to
17 Plaintiffs to compete with its own website, now under the Boat Documentation
18 US name, is over $1,500 per day instead of $400 per day.

19           **E. Riener Refused to Refund Money and Return Property to**
20               **Plaintiffs in Connection with an Online Marine Surveying**
21               **School Business**

22      56.    On or about April 2016, Plaintiffs asked Riener to assist them in
23 establishing a newly-conceived online marine surveying school. Riener said he
24 would assist them and would require and advance of $1,500. Plaintiffs paid
25 Riener $1,500, but Riener did not assist Plaintiffs in any capacity and refused to
26 refund the advance.

27      57.    Additionally, on or about April 2016, Riener entered Plaintiffs' place
28 of business and took Plaintiffs' educational and training books and materials for

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

1  an unknown purpose.  Plaintiffs have demanded a return of these materials, but

2  Riener refused to do so.

### AS AND FOR A FIRST CLAIM FOR RELIEF

(Direct Copyright Infringement – 17 U.S.C. §101, *et seq.*)

5   58.    Plaintiffs incorporate by reference the allegations in the preceding

6  paragraphs above, as fully set forth herein.

7   59.    USMS is the owner of, and USVD is the licensee of, the copyrights

8  referenced above which are protected under the Copyright Act of 1976, 17 U.S.C

9  §§ 102 and 302.

10   60.    The foregoing acts of defendants, and each of them, violate

11  Plaintiffs' exclusive rights to display, reproduce, and distribute the copyrighted

12  works in violation of Plaintiffs' exclusive rights under 17 U.S.C. § 106.  Such

13  acts constitute copyright infringement under 17 U.S.C § 501.

14   61.    Unless restrained, Defendants will continue to engage in the acts

15  complained of herein, all to Plaintiffs' irreparable injury.

16   62.    Defendants unlawful acts set forth herein and above constitute

17  willful copyright infringement under 17 U.S.C. § 504.  As a result of Defendants'

18  unlawful and willful acts, Plaintiffs have been, and will continue to be,

19  irreparably injured, unless Defendants are enjoined immediately by this Court.

20   63.    As a direct and proximate result of the foregoing acts and conduct of

21  Defendants, and each of them, Plaintiffs have suffered damages and Defendants

22  have made substantial profits in an amount which cannot now be ascertained or

23  computed, but that is capable of proof at trial and within an accounting.

### AS AND FOR A SECOND CLAIM FOR RELIEF

(Contributory Copyright Infringement – 17 U.S.C. §101, *et seq.*)

26   64.    Plaintiffs incorporate by reference the allegations in the preceding

27  paragraphs above, as fully set forth herein.

28

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

65.    The foregoing acts of Defendants, and each of them, induced, caused or materially contributed to having users of Plaintiffs' Websites violate Plaintiffs' exclusive rights to display, reproduce, and distribute the copyrighted works in violation of Plaintiffs' exclusive rights under 17 U.S.C. § 106.  Such acts constitute contributory copyright infringement.

66.    Unless restrained, Defendants will continue to engage in the acts complained of herein, all to Plaintiffs' irreparable injury.

67.    As a result of Defendants' unlawful and willful acts, Plaintiffs have been and will continue to be, irreparably injured, unless Defendants are enjoined immediately by this court.

68.    As a direct and proximate result of the foregoing acts and conduct of Defendants, and each of them, Plaintiffs have suffered damages and defendants have made substantial profits in an amount which cannot now be ascertained or computed, but that is capable of proof at trial and within an accounting.

### AS AND FOR A THIRD CLAIM FOR RELIEF

(Vicarious Copyright Infringement – 17 U.S.C. §101, *et seq.*)

69.    Plaintiffs incorporate by reference the allegations in the preceding paragraphs above, as fully set forth herein.

70.    Defendants have the right and ability to supervise the infringing activity and have a direct financial interest in such activities.

71.    Unless restrained, Defendants will continue to engage in the acts complained of herein, all to Plaintiffs' irreparable injury.

72.    As a result of Defendants' unlawful and willful acts, Plaintiffs have been and will continue to be, irreparably injured, unless defendants are enjoined immediately by this court.

73.    As a direct and proximate result of the foregoing acts and conduct of defendants, and each of them, Plaintiffs have suffered damages and Defendants have made substantial profits in an amount which cannot now be ascertained or

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

1   computed, but that is capable of proof at trial and within an accounting.

2   ## AS AND FOR A FOURTH CLAIM FOR RELIEF

3   (Violation of Cal. Pen. Code § 502)

4   74.     Plaintiffs incorporate by reference the allegations in the preceding

5   paragraphs above, as fully set forth herein.

6   75.     Defendants knowingly accessed and without Plaintiffs' permission

7   altered, damaged, deleted, destroyed and used data, computer, computer system,

8   or computer networks in order to devise or execute a scheme or artifice to

9   defraud, deceive, or extort, and to wrongfully control or obtain money, property,

10  and data.

11  76.     Defendants knowingly accessed and without Plaintiffs' permission

12  took, copied or made use of Plaintiffs' data from a computer, computer system, or

13  computer networks, and took or copied supporting documentation existing or

14  residing internal or external to a computer, computer system, or computer

15  networks.

16  77.     Upon information and belief, Defendants knowingly accessed and

17  without Plaintiffs' permission added, altered, damaged, deleted, and destroyed

18  data, computer software, or computer programs which reside or exist internal or

19  external to a computer, computer system, or computer networks.

20  78.     Defendants knowingly and without Plaintiffs' permission disrupted

21  or caused the disruption of computer services or denied or causes the denial of

22  computer services to an authorized user of a computer, computer system, or

23  computer networks.

24  79.     Upon information and belief, Defendants knowingly and without

25  Plaintiffs' permission provided or assisted in providing a means of accessing a

26  computer, computer system, or computer networks in violation of Section 502 of

27  the California Penal Code.

28

80. Upon information and belief, Defendants knowingly and without Plaintiffs' permission accessed or caused to be accessed Plaintiffs' computer, computer system, or computer networks.

81. Upon information and belief, Defendants knowingly introduced a computer contaminant into a computer, computer system, or computer networks.

82. Defendants knowingly and without Plaintiffs' permission used the Plaintiffs' Internet domain names and profile in connection with the sending of one or more electronic mail messages or posts, and thereby damaged or caused damage to a computer, computer data, computer system, or computer networks.

83. Unless restrained, defendants will continue to engage in the acts complained of herein, all to Plaintiffs' irreparable injury.

84. As a direct and proximate result of defendants' unlawful and willful acts, Plaintiffs have been and will continue to be, irreparably injured, unless defendants are enjoined immediately by this court.

85. Plaintiffs have suffered damages and defendants have made substantial profits in an amount which cannot now be ascertained or computed, but that is capable of proof at trial and within an accounting.

86. Defendants' acts were willful, despicable, and done maliciously, oppressively and fraudulently with the intent to harm Plaintiffs and in conscious disregard of Plaintiffs' rights, such that Plaintiffs are entitled to recover punitive or exemplary damages from Defendants in an amount to be proven at trial.

## AS AND FOR A FIFTH CLAIM FOR RELIEF

(Conversion)

87. Plaintiffs incorporate by reference the allegations in the preceding paragraphs above, as fully set forth herein.

88. Defendants intentionally and substantially interfered with the businesses of Plaintiffs' Websites by preventing Plaintiffs from having access to its businesses by shutting them down and reopening and operating these

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

1 | businesses as Defendants' own, and otherwise retaining Plaintiffs' monies and
2 | properties as Defendants' own.

3 |      89.    Plaintiffs did not consent to Defendants' conversion.

4 |      90.    Defendants' conduct was a substantial factor in causing Plaintiffs'
5 | harm.

6 |      91.    Unless restrained, defendants will continue to engage in the acts
7 | complained of herein, all to Plaintiffs' irreparable injury.

8 |      92.    As a result of defendants' unlawful and willful acts, Plaintiffs have
9 | been and will continue to be, irreparably injured, unless defendants are enjoined
10 | immediately by this court.

11 |      93.    As a direct and proximate result of the foregoing acts and conduct of
12 | defendants, and each of them, Plaintiffs have suffered damages and defendants
13 | have made substantial profits in an amount which cannot now be ascertained or
14 | computed, but that is capable of proof at trial and within an accounting.

15 |      94.    Defendants' acts were willful, despicable, and done maliciously,
16 | oppressively and fraudulently with the intent to harm Plaintiffs and in conscious
17 | disregard of Plaintiffs' rights, such that Plaintiffs are entitled to recover punitive
18 | or exemplary damages from Defendants in an amount to be proven at trial.

19 | **AS AND FOR A SIXTH CLAIM FOR RELIEF**

20 | (Violation of the Defense of Trade Secrets Act, 18 U.S.C. §1836)

21 |      95.    Plaintiffs incorporate by reference the allegations in the preceding
22 | paragraphs above, as fully set forth herein.

23 |      96.    Defendants willfully and unlawfully, and by improper means,
24 | misappropriated Plaintiffs' trade secrets, including its businesses, financial,
25 | operational, and customer information which Plaintiffs used in interstate
26 | commerce in the ordinary course of their business.

27 |      97.    Plaintiffs took reasonable measures to keep its customer information
28 | secret.

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

98.   Plaintiffs' customer information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, the public.

99.   Unless restrained, defendants will continue to engage in the acts complained of herein, all to Plaintiffs' irreparable injury.

100.   As a result of defendants' unlawful and willful acts, Plaintiffs have been and will continue to be, irreparably injured, unless defendants are enjoined immediately by this court.

101.   As a direct and proximate result of the foregoing acts and conduct of defendants, and each of them, Plaintiffs have suffered damages and defendants have made substantial profits in an amount which cannot now be ascertained or computed, but that is capable of proof at trial and within an accounting.

102.   Defendants' acts were willful, despicable, and done maliciously, oppressively and fraudulently with the intent to harm Plaintiffs and in conscious disregard of Plaintiffs' rights, such that Plaintiffs are entitled to recover punitive or exemplary damages from Defendants in an amount to be proven at trial.

## AS AND FOR A SEVENTH CLAIM FOR RELIEF

(Violation of the California Uniform Trade Secrets Act,

Cal. Civ. Code § 3426 *et seq.*)

103.   Plaintiffs incorporate by reference the allegations in the preceding paragraphs above, as fully set forth herein.

104.   Defendants willfully and unlawfully, and by improper means, misappropriated Plaintiffs' trade secrets, including its businesses, financial, operational, and customer information which Plaintiffs used in interstate commerce in the ordinary course of their business.

105.   Plaintiffs took reasonable measures to keep its customer information secret.

1       106.   Plaintiffs' customer information derives independent economic

2   value, actual or potential, from not being generally known to, and not being

3   readily ascertainable through proper means by, the public.

4       107.   Unless restrained, defendants will continue to engage in the acts

5   complained of herein, all to Plaintiffs' irreparable injury.

6       108.   As a result of defendants' unlawful and willful acts, Plaintiffs have

7   been and will continue to be, irreparably injured, unless defendants are enjoined

8   immediately by this court.

9       109.   As a direct and proximate result of the foregoing acts and conduct of

10   defendants, and each of them, Plaintiffs have suffered damages and defendants

11   have made substantial profits in an amount which cannot now be ascertained or

12   computed, but that is capable of proof at trial and within an accounting.

13       110.   Defendants' acts were willful, despicable, and done maliciously,

14   oppressively and fraudulently with the intent to harm Plaintiffs and in conscious

15   disregard of Plaintiffs' rights, such that Plaintiffs are entitled to recover punitive

16   or exemplary damages from Defendants in an amount to be proven at trial.

17   **AS AND FOR AN EIGHTH CLAIM FOR RELIEF**

18   (False Representations and Advertising, 15 U.S.C. § 1125(a))

19       111.   Plaintiffs incorporate by reference the allegations in the preceding

20   paragraphs above, as fully set forth herein.

21       112.   This claim arises under § 43(a) of the Lanham Act.

22       113.   Defendants' willful and continued use of Plaintiffs' business names,

23   websites and domain names is an identity theft, false representation and false

24   advertising, in that Defendants are using Plaintiffs' Websites in a manner which

25   is calculated to deceive and cause the public to be misled into believing that

26   Defendants' business is Plaintiffs' businesses.

27       114.   As a direct and proximate result of defendants' illegal activities,

28   Plaintiffs have suffered and will continue to suffer damages in an amount

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

1 | presently unknown and to be ascertained at the time of trial, and Plaintiffs are

2 | entitled to disgorgement of Defendants' profits.

3 | 115.   Plaintiffs have no adequate remedy at law.

4 | **AS AND FOR A NINTH CLAIM FOR RELIEF**

5 | (Cybersquatting, 15 U.S.C. § 1125(d))

6 | 116.   Plaintiffs incorporate by reference the allegations in the preceding

7 | paragraphs above, as fully set forth herein.

8 | 117.   This count arises under § 43(d) of the Lanham Act.

9 | 118.   With bad faith intent to profit from the goodwill of Plaintiffs' mark

10 | and their websites, Defendants have used Plaintiffs' domain names.

11 | 119.   As a direct and proximate result of defendants' illegal activities,

12 | Plaintiffs have suffered and will continue to suffer damages in an amount

13 | presently unknown and to be ascertained at the time of trial, and Plaintiffs are

14 | entitled to disgorgement of Defendants' profits.

15 | 120.   Plaintiffs have no adequate remedy at law, and ask that the Court

16 | order the transfer of the domain names to Plaintiffs.

17 | **AS AND FOR A TENTH CLAIM FOR RELIEF**

18 | (Unfair Competition Under Cal. Bus, & Prof. Code § 17200 and Common Law)

19 | 121.   Plaintiffs incorporate by reference the allegations in the preceding

20 | paragraphs above, as fully set forth herein.

21 | 122.   This count arises under Section 17200 of the California Business and

22 | Professions Code and under the common law of the State of California.

23 | 123.   Defendants are engaging in acts of unfair competition by palming-

24 | off or passing-off Plaintiffs' businesses as those of Defendants, by hijacking

25 | Plaintiffs' businesses and by consequently damaging Plaintiffs' reputation and

26 | business by causing the public to be deceived that Plaintiffs' Websites and

27 | services are the product of Plaintiffs, where to the contrary they are only the

28 | result of Defendants' unfair, unlawful and fraudulent actions.

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

124.   Defendants are engaging in acts of unfair competition in a manner which is calculated to deceive the public and cause the public to use Defendants' services rather than Plaintiffs'.

125.   Such unfair competition has caused and, unless enjoined, will continue to cause Plaintiffs' irreparable harm.

126.   Plaintiffs have no adequate remedy at law, and demand restitution of Defendants' ill-gotten gains.

## AS AND FOR AN ELEVENTH CLAIM FOR RELIEF

(Intentional Interference with Contractual Relations)

127.   Plaintiffs incorporate by reference the allegations in the preceding paragraphs above, as fully set forth herein.

128.   Plaintiffs had entered into various contracts with their customers to perform various services.

129.   Defendants had knowledge of Plaintiffs' contractual relations with Plaintiffs' customers.

130.   Defendants acted intentionally to disrupt Plaintiffs' contractual relationships with their customers by inducing Plaintiffs' customers to contact Defendants through the hijacked domain names, websites, email addresses and social media accounts.  After locking Plaintiffs out of their sites, emails and accounts, Defendants continued to use the info@vesseldocumentation.us email handle to communicate with Plaintiffs' customers, pretending to be Plaintiffs.

131.   The contracts were actually breached or disrupted, as Defendants misled Plaintiffs' customers into believing they were doing business with Plaintiffs, and Plaintiffs' customers could not resume business with Plaintiffs.

132.   As a direct and proximate result of defendants' illegal activities, Plaintiffs have suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial.

133.   Defendants' acts were willful, despicable, and done maliciously,

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

1  oppressively and fraudulently with the intent to harm Plaintiffs and in conscious

2  disregard of Plaintiffs' rights, such that Plaintiffs are entitled to recover punitive

3  or exemplary damages from Defendants in an amount to be proven at trial.

4  ### AS AND FOR A TWELFTH CLAIM FOR RELIEF

5  (Intentional Interference with Prospective Economic Advantage)

6  134.   Plaintiffs incorporate by reference the allegations in the preceding

7  paragraphs above, as fully set forth herein.

8  135.   Plaintiffs had entered into relationships with its customers and had

9  the prospect of future business with present and future customers, which had

10  actually benefitted Plaintiffs, and but for Defendants acts, would have continued

11  to benefit Plaintiffs.

12  136.   Defendants had actual knowledge of these actual and prospective

13  relationships.

14  137.   Defendants engaged in independent wrongful acts, including but not

15  limited to all violations set forth in this Complaint.

16  138.   Defendants intended to disrupt and actually disrupted Plaintiffs'

17  actual and prospective relationships with their customers.

18  139.   As a direct and proximate result of defendants' illegal activities,

19  Plaintiffs have suffered and will continue to suffer damages in an amount

20  presently unknown and to be ascertained at the time of trial.

21  140.   Defendants' acts were willful, despicable, and done maliciously,

22  oppressively and fraudulently with the intent to harm Plaintiffs and in conscious

23  disregard of Plaintiffs' rights, such that Plaintiffs are entitled to recover punitive

24  or exemplary damages from Defendants in an amount to be proven at trial.

25  ### AS AND FOR A THIRTEENTH CLAIM FOR RELIEF

26  (Breach of Express Contract)

27  141.   Plaintiffs incorporate by reference the allegations in the preceding

28  paragraphs above, as fully set forth herein.

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

142.   USMS originally entered into the Web Development Agreement with Defendants on or about July 8, 2015 for Defendants to provide web development services.  The parties subsequently modified the Web Development Agreement by oral, written or implied means by commissioning Defendants to provide web development services for a second website for USMS called vesseldocumentation.us for a vessel documentation business.

143.   Defendants breached the Web Development agreement and amendments thereto by failing and refusing to transfer to Plaintiffs "the intellectual property, the site build, SQL server data, and the domain name," in addition to all logins and passwords to Plaintiffs' Websites, and other administrative credentials, to Plaintiffs within 72 hours of their request, and hereby renew such request.

144.   Plaintiffs have performed all obligations required of them to be performed under the Web Development Agreement and amendments thereto, or have been excused from performance.

145.   As a direct and proximate result of defendants' breach, Plaintiffs have suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial.

146.   Plaintiffs remedy at law may be inadequate and seek a court order granting said transfers.

### AS AND FOR A FOURTEENTH CLAIM FOR RELIEF

(Fraud and Deceit)

147.   Plaintiffs incorporate by reference the allegations in the preceding paragraphs above, as fully set forth herein.

148.   Throughout the parties business relationship, Riener represented to Plaintiffs that he was the sole developer working on Plaintiffs' Websites, and represented to Plaintiffs that he would register the domain names in USMS's name and sole ownership as directed, and led Plaintiffs to believe that Riener

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

1   would act as directed by Plaintiffs and on Plaintiffs' behalf in submitting

2   registrations for the domain names, and in developing the intellectual property,

3   the site build, SQL server data, and other data related to Plaintiffs' Websites.

4     149. These statements were false in that Plaintiffs discovered that Riener

5   had used others to build out Plaintiffs' Websites, and unbeknownst to Plaintiffs,

6   Riener had in fact registered the domain names for Plaintiffs' Websites under his

7   own name, not in USMS's name.

8     150. Riener had direct knowledge of Plaintiffs' vast success with their

9   vessel documentation business, and based thereon he concealed his true intention

10   to hijack Plaintiffs' Websites and their businesses, and he intended that Plaintiffs'

11   trust and rely upon the above representations.

12     151. Plaintiffs reasonably relied on Riener's representations.

13     152. As a direct and proximate result of Riener's representations and

14   concealments, Plaintiffs have suffered and will continue to suffer damages in an

15   amount presently unknown and to be ascertained at the time of trial.

16     153. Riener's acts were willful, despicable, and done maliciously,

17   oppressively and fraudulently with the intent to harm Plaintiffs and in conscious

18   disregard of Plaintiffs' rights, such that Plaintiffs are entitled to recover punitive

19   or exemplary damages from Riener in an amount to be proven at trial.

20

21     WHEREFORE, Plaintiffs pray that the Court:

22   (a) declare, adjudge and decree that defendant's use of Plaintiffs'

23     Websites constitutes false designation of origin, unfair competition,

24     injury to business reputation under California state law, unjust

25     enrichment and direct, contributory and vicarious copyright

26     infringement;

27   (b) temporarily, preliminary, and permanently enjoin and restrain

28     Defendants and all other persons acting in concert or participation

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

with Defendants from:

    i.   Using, distributing, licensing, selling, developing, displaying, delivering, advertising and/or otherwise marketing or disposing of Plaintiffs' or his own websites;

    ii.   Using, distributing, licensing, selling, developing, displaying, delivering, advertising and/or otherwise marketing or disposing of the name "Boat Documentation US" on Plaintiffs' or his own websites;

    iii.   Operating any of Plaintiffs' businesses;

    iv.   Using or disposing of any of Plaintiffs' trade secrets;

    v.   Using or registering any of Plaintiffs' domain names;

(c)   order defendants to transfer the website domain names and social media accounts to Plaintiffs;

(d)   order defendants to turn over all administrative credentials to Plaintiffs' Websites, the host servers, Plaintiffs' Google account, including but not limited to all customer information, data and financial records, to Plaintiffs;

(e)   order a forfeiture of any computer, computer system, computer networks, or any software or data used by defendants to commit the acts alleged in this Complaint, or used by defendants as a repository for the storage of software or data illegally obtained;

(f)   order defendants to send corrective letters to all customers;

(g)   order defendants to file with this Court and serve upon Plaintiffs within 30 days of being served with this Court's injunction issued in this action, a written report signed by each defendant under oath, setting forth in detail the manner in which each such defendant complied with the injunction;

(h)   provide Plaintiffs with expedited discovery;

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

(i)    enjoin defendants from further conduct which infringes the Plaintiffs' copyrights;

(j)    award Plaintiffs a reasonable royalty;

(k)    award Plaintiffs compensatory damages as provided by law, including but not limited to lost goodwill, lost profits, expenditures to verify damages from defendants' unlawful access to Plaintiffs' Websites;

(l)    award Plaintiffs statutory damages as provided by law;

(m)    award Plaintiffs multiple damages as provided by law;

(n)    award Plaintiffs punitive damages as provided by law;

(o)    award Plaintiffs restitution as provided by law;

(p)    order defendants to account for all revenues and profits from their use and infringement of the Plaintiffs' rights and businesses;

(q)    award Plaintiffs their costs, disbursements and attorney fees incurred in bringing and prosecuting this action;

(r)    award Plaintiffs prejudgment interest as provided by law; and

(s)    award Plaintiffs such other and further relief as this Court may deem just and proper.

DATED: July _19_, 2016

**LEE, HONG, DEGERMAN, KANG & WAIMEY**

By: _____

David N. Makous
Attorneys for Plaintiffs, U.S. Marine Surveyors, Inc. and U.S. Vessel Documentation

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all issues so triable.

DATED:  July *19*, 2016

**LEE, HONG, DEGERMAN, KANG & WAIMEY**

By: _____

David N. Makous

Attorneys for Plaintiffs, U.S. Marine Surveyors, Inc. and U.S. Vessel Documentation

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017