David N. Makous, SBN 82409
Matthew J. Soroky, SBN 258230
Keith H. Fichtelman, SBN 262476
LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017
Telephone: (213) 623-2221
Facsimile:   (213) 623-2211

Attorneys for Plaintiffs, U.S. Marine Surveyors, Inc.
and U.S. Vessel Documentation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. MARINE SURVEYORS, INC., a California corporation; U.S. VESSEL DOCUMENTATION, a California corporation,<br><br>             Plaintiffs,<br><br>vs.<br><br>EDWARD RIENER, an individual; EDWARD RIENER D.B.A. ELEMENTAL WEB DESIGN, an unknown entity,<br><br>             Defendants. | CASE NO.: 2:16-cv-05360-PA-FFM<br><br>**PLAINTIFFS'** *EX PARTE* **APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION AND FOR LEAVE TO TAKE EXPEDITED DISCOVERY** |

## *EX PARTE* APPLICATION FOR TRO AND OSC RE PREL *EX PARTE* APPLICATION FOR TRO AND OSC

Pursuant to F.R.C.P. 65, Plaintiffs U.S. Marine Surveyors, Inc. and U.S. Vessel Documentation (collectively, "Plaintiffs"), apply *ex parte* for a Temporary Restraining Order ("TRO") and Order to Show Cause re: Preliminary Injunction and for expedited discovery.

Plaintiffs filed this lawsuit on July 19, 2016 alleging, *inter alia*, that defendants are infringing copyrights, converted Plaintiffs' entire businesses, falsely representing themselves and misleading the public, misappropriating trade secrets, committing cyber-crimes, and conducting click fraud - all to the highest degree.

Specifically, Plaintiffs are seeking for the Court to issue a TRO requiring defendants to cease:

a. Operating, using, distributing, licensing, selling, developing, displaying, delivering, advertising and/or otherwise marketing or disposing of Plaintiffs' prior operated websites vesseldocumentation.us and usmarinesurveyors.com, and their content;

b. Operating, using, distributing, licensing, selling, developing, displaying, delivering, advertising and/or otherwise marketing or

disposing of any domain name or web site content previously used on the vesseldocumentation.us and/or usmarinesurveyors.com sites;

c. Pointing to or from, or redirecting users to or from usmarinesurveyors.com, boatdocumentation.us, or vesseldocumentation.us, or any other newly registered or used proxy domain name created by you for these purposes;

d. Operating any of Plaintiffs' businesses;

e. Using or disposing of any of Plaintiffs' trade secrets;

f. Using or registering any of Plaintiffs' business, corporate, or domain names including usmarinesurveyors.com, vesseldocumentation.us, or uscgdocumentation.us ;

g. Using, reading, responding to, destroying, blocking or otherwise disposing of emails directed to info@vesseldocumentation.us, nvdc@vesseldocumentation.us, john@vesseldocumentation.us, maria@vesseldocumentation.us, and any other vesseldocumentation.us email addresses.

h. Using, distributing, selling, developing, displaying, delivering, altering, advertising and/or otherwise marketing in any fashion on Plaintiffs' prior social media accounts (e.g., Facebook, Instagram) in any fashion.

i. Using Plaintiffs' hijacked websites usmarinesurveyors.com, www.vesseldocumentation.us, and the linked url www.boatdocumentation.us (and any other unknown urls Defendants may be using) to transact Plaintiffs' hijacked marine surveying or vessel documentation businesses.

j. Engaging in any vessel documentation and marine surveyor business during the pendency of this litigation;

k. Sabotaging any of Plaintiffs' businesses by directly or indirectly causing false clicks or click fraud in any of the businesses of John Soria, including USCGDocumentation.us, on any place where online pay per click sponsored key word advertisements appear, such as are available on search results in Google, Bing, Yahoo, Gemini, and all others.

Plaintiffs further request that the Court order Defendants to immediately forward to, deliver to, restore to, account to, and/or transfer to Plaintiffs the following:

a. all emails at any time after June 30, 2016 directed to usmarinesurveyors.com, info@vesseldocumentation.us, nvdc@vesseldocumentation.us, john@vesseldocumentation.us, maria@vesseldocumentation.us, and any other vesseldocumentation.us email address – and retaining no copies.

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

b. full control of both usmarinesurveyors.com, and vesseldocumentation.us websites, domain names and businesses;

c. all files and information of my clients' businesses including but not limited to all business, confidential and trade secret information, financials, email files, customer actions and activities, past and present, all of Plaintiffs' business and personal communications, customer identities and preferences, payment histories revenues and profitability - and retaining no copies;

d. all business conducted or attempted from or on account of the hijacked businesses (US Marine Surveyors, Inc. and US Vessel Documentation), including all revenues received, and actions taken after June 30, 2016;

e. all logins, usernames and passwords of any kind or character now, or in the past associated with the Plaintiffs websites, usmarinesurveyors.com and vesseldocumentation.us, by providing Plaintiffs and its agents with full access and control of these sites;

f. all logins, usernames and passwords of any kind or character now, or in the past, associated with the access and control of all social media websites and pages for Plaintiffs' businesses, such as Facebook, Googleplus page and any others.

Plaintiffs also seek leave to take expedited discovery such that Defendants

have five (5) days to respond to F.R.C.P. 34 document requests and two (2) days to appear in response to a notice of deposition under F.C.R.P. 30 in preparation for a hearing on the requested preliminary injunction.

As more fully detailed in the concurrently filed Memorandum of Points and Authorities, Plaintiffs are entitled to the requested relief under Federal Rule of Civil Procedure 65 as Plaintiffs are likely to prevail on the merits of their claims, Plaintiffs will suffer irreparable harm if the preliminary relief is not granted, the balance of equities tips in Plaintiffs' favor, and the granting of the preliminary relief is in the public interest.  Defendants have in essence hijacked Plaintiffs' entire businesses and should be immediately ordered to cease such illegal conduct and return control of the businesses to Plaintiffs.

This request is urgent as Defendants' wrongful actions are causing significant, irreparable, harm to Plaintiffs' business and their reputation and goodwill.  The requested relief is necessary to prevent Plaintiffs from suffering any further harm to which there will not be an adequate remedy at a later time.

Pursuant to Local Rule 7-19.1, counsel for Plaintiffs gave notice of this application to Eddy Riener by telephone voicemail message (at approximately 1:45 pm) and by email on July 28, 2016.  Plaintiffs are currently not aware of any counsel representing Defendants in this action.  Defendants have previously set forth their defiant positions in an email to Plaintiffs' counsel. Per the Court's standing order, Para 8, as best we can tell Defendant Riener contends that he

owns the copyrights and domain names and the entire businesses of Plaintiffs.

This ex parte application is based on this application, the concurrently filed Memorandum of Points and Authorities, Declarations of John Soria and David Makous, and exhibits thereto, the proposed ex parte order lodged here, the pleadings and papers on file with the Court, and any further briefing and arguments of counsel.

DATED: July 28, 2016

LEE, HONG, DEGERMAN, KANG & WAIMEY

By: _____
David N. Makous
Attorneys for Plaintiffs, U.S. Marine Surveyors, Inc. and U.S. Vessel Documentation