UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 16-5360 PA (FFMx) | Date | August 4, 2016 |
|---|---|---|---|
| Title | U.S. Marine Surveyors, Inc., et al. v. Edward Reiner, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|

**Proceedings:**   IN CHAMBERS – COURT ORDER

Before the Court is an Ex Parte Application for Temporary Restraining Order ("Ex Parte TRO") filed by plaintiffs U.S. Marine Surveyors, Inc. and U.S. Vessel Documentation (collectively, "Plaintiffs"). (Docket No. 15). Defendants Edward Reiner and Edward Reiner d.b.a. Elemental Web Design (collectively, "Reiner") have filed an Opposition. (Docket No. 20.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

In March 2015, John Soria, Plaintiffs' President and CEO, and Maria Carlos, Plaintiffs' Chief Operating Officer and John Soria's wife, created a website to operate their marine surveying and vessel documentation business: www.vesselsurveying.com. (Declaration of John Soria in Support of Ex Parte TRO ("Soria Decl."), ¶¶ 1, 1(a).) Plaintiffs' business experienced early success, leading them to contact Reiner, an expert in website design and search engine optimization, to design a more professional website. (Id. ¶ 1(b).) After an initial telephone conversation, Reiner sent Plaintiffs an email discussing pricing and website content, and stated: "You retain ownership of the site itself . . . . Once we finish and you're satisfied with the design, we'll transfer the domain over." (Id., Ex. A.) Plaintiffs also received oral assurances from Reiner that he would only establish registrations under Plaintiffs' name. (Id. ¶ 1(g).)

On July 5, 2015, the parties met at a restaurant to discuss changes to the website, and to discuss developing a separate website which focused exclusively on vessel documentation. (Id. ¶ 1(n).) On July 8, 2015, the parties entered into a written contract titled "Web Development Agreement (Social Media and additional platform coverage) for US Marine Surveyors, Inc."  (Declaration of Edward Reiner in Support of Opposition to Ex Parte TRO ("Reiner Decl."), Ex. A.) Under the terms of the Agreement, Reiner agreed to provide "website design, Search Engine Optimization, hosting, development, and implementation of http://usmarinesurveyors.com" in exchange for $1,100.00. (Id.) The Agreement also provides: "If at any time [Plaintiffs] request[] full rights or transfer to the intellectual property, the site build, SQL server data, and the domain name, [Reiner] will transfer all data and full authority to [Plaintiffs] within 72 hours." (Id.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5360 PA (FFMx) | Date | August 4, 2016 |
|---|---|---|---|
| Title | U.S. Marine Surveyors, Inc., et al. v. Edward Reiner, et al. | | |

Pursuant to the terms of the Agreement, Reiner registered and designed usmarinesurveyors.com for Plaintiffs. (Soria Decl. ¶¶ 1(j)-(l).) Reiner sent Plaintiffs an invoice for his services (Id., Ex. 7), which Plaintiffs paid in full (Id., Ex. 8).

After observing that the vessel documentation portion of www.usmarinesurveyors.com was very successful, Plaintiffs hired Reiner to build a separate website to handle vessel registration and documentation. (Id. ¶ 1(s).) In October 2015, Plaintiffs paid Reiner cash to register a domain name for this new website. (Id. ¶ 1(t).) Reiner assured Plaintiffs that he understood his duties as Plaintiffs' agent and would establish all registrations and web hosting accounts in Plaintiffs' name. (Id.)[1/] The parties had several discussions about this new website, and Reiner eventually registered the domain vesseldocumentation.us. (Id. ¶¶ 1(u)-(z).) Over the next several months, Plaintiffs provided detailed information to Reiner about the design and content of the vesseldocumentation.us website. (Id. ¶¶ (aa)-(nn).)[2/]

Plaintiffs' Ex Parte TRO omits any information related to how Reiner was to be compensated for his creation of the vesseldocumentation.us website. Reiner asserts that Plaintiffs promised him that they would be business partners in the boating industry, and would make millions of dollars together. (See Reiner Decl. ¶ 10, Ex. C.)

Beginning sometime in March 2016, Plaintiffs began to become dissatisfied with Reiner's performance. (Soria Decl. ¶ 7.) After Plaintiffs made several unanswered requests for the login information to their websites, on May 13, 2016, Plaintiffs sent Reiner an email demanding that he provide, within 48 hours, ownership receipts for domain registrations, passwords, and login information. (Id., Ex. 27a.) On May 16, 2016, Reiner responded to the demand by providing login information for both usmarinesurveyors.com and vesseldocumentation.us, and indicating that he would provide the other

---

[1/]    Reiner alleges that he first heard about plans to create a separate vessel documentation website on September 11, 2015. (Reiner Decl. ¶ 9; Soria Decl., Ex. 12.) Reiner disputes that Plaintiffs ever requested that he purchase a domain for a vessel documentation website. (Reiner Decl. ¶ 13.) Reiner also disputes that he was ever paid, in cash or otherwise, to register the vessel documentation website. (Id. ¶ 10.) However, in an email sent on May 16, 2016, Reiner wrote: "I believe John paid us cash for the documentation site; I'm looking up the dates." (Soria Decl., Ex. 27a)

[2/]    Reiner has lodged Evidentiary Objections to several statements and supporting email exhibits included in Soria's declaration. Reiner objects to these items on the basis that the emails are not within Soria's personal knowledge because he was not included on the emails, and the emails themselves constitute hearsay for the same reason. The Court finds that the emails are within Soria's personal knowledge, and are admissible as party admissions under Federal Rule of Evidence 801(d)(2), records of a regularly conducted activity under Federal Rule of Evidence 803(6), or under the residual exception contained in Federal Rule of Evidence 807. See United States v. Pac. Gas & Elec. Co., 2016 WL 3654371, at *2 (N.D. Cal. July 6, 2016). Accordingly, each of Reiner's objections asserting these objections are overruled.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5360 PA (FFMx) | Date | August 4, 2016 |
|---|---|---|---|
| Title | U.S. Marine Surveyors, Inc., et al. v. Edward Reiner, et al. | | |

requested documents once they were located. (Id.) The next day, Reiner sent text messages stating: "I'm costing you too much money for this to make sense . . . . Pay another developer $2 grand and I can be over this stress. I have too much other stuff to focus on if I'm causing too many problems. . . . I've made about $600 from building you a platform that's generated hundreds of thousands of dollars in revenue spending well over 350 hours in upgrades, mods, improvements and edits. It's just not making sense if your business isn't making money." (Id., Ex. 26.) Plaintiffs continued to demand the information which Reiner had failed to provide until June 30, 2016. (Id. ¶ 8.)

On July 1, 2016, Reiner sent Plaintiffs a text message stating:

> I must regretfully tell you that the lease of my sites (you've paid for a temporary lease) is over, due to threats of lawsuits. If you would like to pay the full price for the documentation site and the domain name (along with the intellectual property rights) I will sell that site to you for $50,000 (what it's worth). You may not have access to my server, nor my domains.

(Id., Ex. 28.)

Reiner then shut down Plaintiffs' websites, and Plaintiffs discovered that their websites had been registered in Reiner's name. (Id. ¶¶ 10, 17, 25.) Reiner also changed the login passwords for Plaintiffs' email accounts, and requested a full archive of Plaintiffs' Google data, which included billing information for Plaintiffs and their customers. (Id. ¶¶ 19, 22.) Between July 1 and July 10, 2016, vesseldocumentation.us showed that it was down for maintenance. (Id. ¶ 18.) On July 10, 2016, vesseldocumentation.us came back online, but Plaintiffs' U.S. Vessel Documentation logo was replaced with a "Boat Documentation U.S." logo. (Id. ¶ 23.) Apparently this was a business name that Plaintiffs had considered incorporating in the future, but which Reiner had decided to use to operate Plaintiffs' vessel documentation business without Plaintiffs' involvement. (Id. ¶¶ 24, 28.) Plaintiffs also discovered that usmarinesurveyors.com was redirecting visitors to vesseldocumentation.us. (Id. ¶ 25.)

With the exception of the change in logo, Plaintiffs' previous customers have no way of knowing that Plaintiffs no longer operate vesseldocumentation.us. (Id. ¶ 31.) Plaintiffs are now experiencing a significant number of charge backs of previously received payments, and three customers have contacted Plaintiffs to express frustrations with the service they are receiving. (Id. ¶¶ 31-35.)[3] One customer even reported that she had been billed twice for a single service, and would be filing fraud charges, while

---

[3] Reiner has lodged an evidentiary objection to the statements made in these paragraphs on the basis that they are unfairly prejudicial, confusing, not within the witness's personal knowledge, hearsay, and an improper opinion. The Court overrules each of these objections because Soria clearly has personal knowledge of the statements made to him by customers, and those statements are not hearsay because they are not being offered for the truth of the matter asserted. Furthermore, the Court finds that the statements are not unfairly or unduly prejudicial, confusing, or improper opinions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5360 PA (FFMx) | Date | August 4, 2016 |
|---|---|---|---|
| Title | U.S. Marine Surveyors, Inc., et al. v. Edward Reiner, et al. | | |

another reported that he would be filing a complaint with the National Vessel Documentation Center. (Id. ¶¶ 32, 33.) With the help of a new website developer, Plaintiffs have established a temporary new website – uscgdocumentation.us – through which they can offer vessel documentation services while this matter is resolved. (Id. ¶ 37.)

Plaintiffs filed the instant action on July 19, 2016. The Complaint asserts fourteen claims for: (1) direct copyright infringement; (2) contributory copyright infringement; (3) vicarious copyright infringement; (4) violation of the California Comprehensive Computer Data Access and Fraud Act, Cal. Pen. Code § 502; (5) conversion; (6) violation of the Defense of Trade Secrets Act; (7) violation of the California Uniform Trade Secrets Act; (8) false representations and advertising, 15 U.S.C. § 1125(a); (9) cybersquatting, 15 U.S.C. § 1125(d); (10) unfair competition, Cal. Bus. & Prof. Code § 17200; (11) intentional interference with contractual relations; (12) intentional interference with prospective economic advantage; (13) breach of express contract; and (14) fraud and deceit. Reiner was served with a copy of the Complaint on July 27, 2016 (Docket No. 14) and received notice of the instant Ex Parte TRO on July 29, 2016 (Supplemental Declaration of Matthew J. Soroky re Ex Parte TRO, ¶¶ 10-14).

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." Id. The Ninth Circuit employs a "sliding scale" approach to preliminary injunctions as part of this four-element test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). Under this "sliding scale," a preliminary injunction may issue "when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," as long as the other two Winter factors have also been met. Id. (internal citations omitted). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 1867, 138 L. Ed. 2d 162 (1997).

In their Ex Parte TRO, Plaintiffs assert that they are likely to succeed on, inter alia, their claim for conversion. "Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." Burlesci v. Petersen, 68 Cal. App. 4th 1062, 1066, 80 Cal. Rptr. 2d 704, 706 (1998).

Plaintiffs allege that they own "vesseldocumentation.us" because Reiner registered the domain at their direction, and designed the content of the website under Plaintiffs' supervision as a work for hire.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 16-5360 PA (FFMx) | Date | August 4, 2016 |
| Title | U.S. Marine Surveyors, Inc., et al. v. Edward Reiner, et al. | | |

(Ex Parte TRO Application, 12 (citing 17 U.S.C. § 201(b)).)[4/]  A website domain is property which may be converted.  See Kremen v. Cohen, 337 F.3d 1024, 1035 (9th Cir. 2003); Astroworks, Inc. v. Astroexhibit, Inc., 257 F. Supp. 2d 609, 618 (S.D.N.Y. 2003) ("While Plaintiffs could not have converted Zsidisin's idea as a matter of law, they could have converted that idea reduced to practice, *i.e.*, the website.").

      Reiner's Opposition asserts that he is the owner of the vesseldocumentation.us website and domain name because "[i]t was his design, his work, and done on his servers. There is no agreement that is contrary to this." (Opp'n, 3.)  Additionally, Reiner points out that "Plaintiffs' principle, John Soria, would continually misrepresent to the defendant that they were 'partners' and that the two of them would make 'millions.' . . . After luring the defendant into developing the site, the plaintiff refused to acknowledge the partnership or even pay for it."  (Id.)  Upon further factual development, Reiner may or may not be able to demonstrate that the parties created a partnership with regard to running an online vessel documentation business.  See Cal. Corp. Code § 16202 ("[T]he association of two or more persons to carry on as coowners a business for profit forms a partnership, whether or not the persons intend to form a partnership.").  However, even if a partnership was formed, this did not grant Reiner the right, upon disassociation from the partnership, to engage in self-help in order to take the portion of the business which he felt belonged to him, or which he believed adequately compensated him for his "sweat-equity."  See id. § 16501; Miller v. Rau, 216 Cal. App. 2d 68, 76, 30 Cal. Rptr. 612, 616 (1963) ("[W]here members of a joint venture have appropriated the venture's assets to their own use and to the exclusion of another venturer, that latter innocent joint venturer may treat the matter as a conversion and sue for such.").

      At least based on the record before the Court at this preliminary stage, Plaintiffs have a strong likelihood of success on the merits of their conversion claim.  Specifically, the Court concludes that Plaintiffs have met their burden to show that: the vesseldocumentation.us domain was registered by Reiner as Plaintiffs' agent or partner; the website's content was designed at Plaintiffs' direction; Reiner blocked Plaintiffs' access to the website and is operating a competitor business under the name Boat Documentation US from Plaintiffs' prior domain; and Reiner's actions have caused damages.

      Plaintiffs have also met their burden to establish that they would suffer irreparable harm in the absence of an injunction.  As detailed above, Plaintiffs have made a sufficient showing of irreparable harm because Plaintiffs' customers have done numerous charge backs for services previously rendered, have lost faith in the ability of Plaintiffs' business to deliver its advertised services, and in some cases

---

[4/]     Throughout the Ex Parte TRO, Plaintiffs unhelpfully assert that Reiner has converted "Plaintiffs' entire business." (Ex Parte TRO, 1.)  While that broad statement may be a practical distillation of Plaintiffs' claims, it does not aid the Court in determining ownership of each disputed piece of property – i.e., the domain itself, the website's content, the markup code which displays that content, or Plaintiffs' idea to operate a vessel documentation business through an online platform – which is alleged to have been converted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 16-5360 PA (FFMx) | Date | August 4, 2016 |
| Title | U.S. Marine Surveyors, Inc., et al. v. Edward Reiner, et al. | | |

believe that the company is now engaged in fraud.  See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 841 (9th Cir. 2001) ("Evidence of threatened loss of prospective customers or goodwill certainly supports a finding of the possibility of irreparable harm.").  The Court also concludes that the balance of equities and public interest weigh in favor of the issuance of injunctive relief, and that the balance of hardships tips sharply in Plaintiffs' favor.

For all of the foregoing reasons, the Court concludes that Plaintiffs are entitled to enjoin Reiner's use of "vesseldocumentation.us" and operation of a competing vessel documentation or surveying business.  Reiner, along with his agents, servants, employees, attorneys, and all other persons acting in concert or participation with them, are hereby ordered to temporarily restrain from:

- a. Operating, using, distributing, licensing, selling, developing, displaying, delivering, advertising and/or otherwise marketing or disposing of Plaintiffs' prior operated websites vesseldocumentation.us and usmarinesurveyors.com, and their content;

- b. Operating, using, distributing, licensing, selling, developing, displaying, delivering, advertising and/or otherwise marketing or disposing of any domain name or web site content previously used on the vesseldocumentation.us and/or usmarinesurveyors.com sites;

- c. Pointing to or from, or redirecting users to or from usmarinesurveyors.com, boatdocumentation.us, or vesseldocumentation.us, or any other newly registered or used proxy domain name created by Reiner for the purpose of operating a vessel documentation or marine surveyor business;

- d. Using or disposing of any of Plaintiffs' trade secrets;

- e. Using, reading, responding to, destroying, blocking or otherwise disposing of emails directed to info@vesseldocumentation.us, nvdc@vesseldocumentation.us, john@vesseldocumentation.us, maria@vesseldocumentation.us, or any other vesseldocumentation.us email addresses.

- f. Using, distributing, selling, developing, displaying, delivering, altering, advertising and/or otherwise marketing in any fashion on Plaintiffs' prior social media accounts (e.g., Facebook, Instagram) in any fashion.

- g. Engaging in any vessel documentation or marine surveyor business during the pendency of this litigation;[5]

---

[5] The Court notes that Plaintiffs have requested broader injunctive relief than what the Court has issued.  That relief is denied without prejudice to Plaintiffs seeking it through a regularly noticed motion for preliminary injunction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5360 PA (FFMx) | Date | August 4, 2016 |
|---|---|---|---|
| Title | U.S. Marine Surveyors, Inc., et al. v. Edward Reiner, et al. | | |

Subject to a stipulation of the parties modifying these dates, the TRO will expire on August 18, 2016. See Fed. R. Civ. P. 65(b)(2). The parties are ordered to show cause why the Court should not issue a preliminary injunction during the pendency of this action. Reiner's Response to this order to show cause shall be filed no later than August 10, 2016. Plaintiffs' Reply, if any, shall be filed no later than August 15, 2016. The Court sets a hearing on the order to show cause why a preliminary injunction should not issue for August 18, 2016, at 1:30 p.m. The TRO is contingent upon Plaintiffs posting a bond in the amount of $5,000.00 by no later than August 9, 2016. If Plaintiffs do not post the bond by that date, the TRO shall be vacated.

Plaintiffs have also requested leave to conduct expedited discovery. Federal Rule of Civil Procedure 26(d)(1) provides that a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." This Court's Standing Order, issued in this action on July 21, 2016, states:

> Unless there is a likelihood that upon motion by a party the Court would order that any or all discovery is premature, it is advisable for counsel to begin to conduct discovery actively before the Scheduling Conference. At the very least, the parties shall comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery, because at the Scheduling Conference the Court will impose tight deadlines to complete discovery.

(Standing Order 2:17-22.) "Courts within the Ninth Circuit generally use the 'good cause' standard to determine whether to permit discovery prior to a Rule 26(f) conference." Apple Inc. v. Samsung Elecs. Co., 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011). In determining whether good cause justifies expedited discovery, courts commonly consider factors including: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." American LegalNet, Inc. v. Davis, 673 F. Supp.2d 1063, 1067 (C.D. Cal. 2009).

Here, consistent with the Court's Standing Order, these factors weigh in favor of allowing Plaintiffs to initiate discovery in advance of the Scheduling Conference. However, Plaintiffs have failed to establish the good cause necessary to justify conducting the discovery they seek on the expedited schedule they have proposed. The Court therefore orders that the parties may commence discovery in this action prior to the Rule 26(f) Scheduling Conference. However, that discovery should be accomplished according to the normal response times for such discovery. The Court expects the parties to work cooperatively to schedule their discovery and to resolve most if not all disputes without the intervention of the Magistrate Judge or this Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5360 PA (FFMx) | Date | August 4, 2016 |
|---|---|---|---|
| Title | U.S. Marine Surveyors, Inc., et al. v. Edward Reiner, et al. | | |

Finally, the Court orders Exhibit 30 to the John Soria Declaration provisionally sealed because, in violation of Federal Rule of Civil Procedure 5.2 and Local Rule 5.2-1, the exhibit includes a third party's unredacted personal identifying information. Plaintiffs are reminded that they must "carefully examine the documents, exhibits, or attachments to be filed with the Court in order to protect any sensitive and private information. The responsibility for redacting or placing under seal protected personal data identifiers rests solely with counsel and the parties." L.R. 5-2.1. Future failure to comply with the requirements of Federal Rule of Civil Procedure 5.2 or Local Rule 5.2-1 may result in the imposition of sanctions. See id. ("Counsel and the parties are cautioned that failure to redact or place under seal protected personal data identifiers may subject them to the disciplinary power of the Court."). Plaintiffs are ordered to file a redacted version of Exhibit 30 by August 8, 2016.

**Any violation of the TRO may result in the imposition of sanctions against the violator, up to and including the initiation of contempt proceedings.**

IT IS SO ORDERED.[6]

---

[6] Unless otherwise noted, the Court has not relied on any evidence to which Reiner has lodged an evidentiary objection. Accordingly, the remainder of Reiner's evidentiary objections are overruled as moot.