David N. Makous, SBN 82409
Matthew J. Soroky, SBN 258230
Keith H. Fichtelman, SBN 262476
LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017
Telephone: (213) 623-2221
Facsimile:   (213) 623-2211

Attorneys for Plaintiffs, U.S. Marine Surveyors, Inc.
and U.S. Vessel Documentation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. MARINE SURVEYORS, INC., a California corporation; U.S. VESSEL DOCUMENTATION, a California corporation,<br><br>  Plaintiffs,<br><br>vs.<br><br>EDWARD RIENER, an individual; EDWARD RIENER D.B.A. ELEMENTAL WEB DESIGN, an unknown entity,<br><br>  Defendants. | CASE NO.: 2:16-cv-05360-PA (FFMx)<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER TO MODIFY PRELIMINARY INJUNCTION** |

---

JOINT STIPULATION AND [PROPOSED] ORDER TO MODIFY PRELIMINARY
INJUNCTION

Plaintiffs U.S. Marine Surveyors, Inc. and U.S. Vessel Documentation ("Plaintiffs") and Defendants Edward Riener and Edward Riener d.b.a Elemental Web Design ("Defendants"), by and through their counsel of record, hereby enter into the following Stipulation to Modify the August 25, 2016 Preliminary Injunction ("Stipulation"):

**STIPULATION**

WHEREAS, on August 25, 2016, the Court issued a preliminary injunction prohibiting Defendants, along with their agents, servants, employees, attorneys, and all other persons acting in concert or participation with them, from, *inter alia*,

"[u]sing, reading, responding to, destroying, blocking or otherwise disposing of emails directed to info@vesseldocumentation.us, nvdc@vesseldocumentation.us, john@vesseldocumentation.us, maria@vesseldocumentation.us, or any other vesseldocumentation.us email addresses."

WHEREAS, a dispute has arisen between the parties as to how Plaintiffs can immediately access, read, send and receive emails addressed to and from their vesseldocumentation.us email addresses, which are presently housed on server(s) in Defendants' possession,

WHEREAS, for the pendency of this litigation, the parties desire to resolve their dispute regarding access to vesseldocumentation.us emails by entering into a Stipulation setting forth an agreed-upon procedure by which Plaintiffs can immediately access, read, send and receive emails addressed to and from their vesseldocumentation.us email addresses,

WHEREAS, Plaintiffs do not intend to request that the Court hold Defendants in contempt for future compliance in accordance with the procedure set forth herein, and

WHEREAS, all parties hereby reserve all rights and remedies and

1

JOINT STIPULATION AND [PROPOSED] ORDER TO MODIFY PRELIMINARY INJUNCTION

defenses accrued heretofore against each other.

IT IS HEREBY STIPULATED, by and between the parties, through their respective counsel of record, as follows:

1. Plaintiffs and Defendants agree to a joint prefatory viewing of the content on each of the server(s) hosting all emails (and attachments or strings) addressed to or from any @vesseldocumentation.us email address at any time (hereafter, "Plaintiffs' emails").

2. Within 24 hours of the joint prefatory viewing, Defendants shall provide to Plaintiffs full access, at all times during the pendency of this action, to each of the server(s) hosting Plaintiffs' emails. Plaintiffs may, at their option and at any time, read, send and receive emails to or from their @vesseldocumentation.us email addresses. No party, including Defendants, will transfer Plaintiffs' emails to any other server without Court order. No party will make changes to the server(s) without joint written approval of the parties.

3. Defendants' acts in compliance with Paragraphs 1 and 2 above will not be construed as acts in contempt of Court, provided that Defendants comply with all other remaining terms of this Stipulation and the August 25, 2016, Preliminary Injunction entered by the Court in this case as modified by this Stipulation and further Court order(s). Plaintiffs do not release Defendants from liability and/or contempt of Court for any action of any kind which he committed before this Stipulation, or which he may commit hereafter.

4. The parties agree not to delete Plaintiffs' emails, or any emails on the server(s), including those of Boat Documentation US or delete or destroy any of the metadata associated with said emails.

5. Plaintiffs agree not to initiate any contact with Boat Documentation US customers in any way, or delete any emails from said customers, provided that such customers were not already prior customers of Plaintiffs.

6. The parties anticipate that some Boat Documentation US customers may

2

JOINT STIPULATION AND [PROPOSED] ORDER TO MODIFY
PRELIMINARY INJUNCTION

initiate contact with Plaintiffs orally or in writing with complaints or status inquiries. Plaintiffs must be allowed to respond to customers as follows: "Boat Documentation US is presently inactive. Please contact Sean Gorman and Edward Riener to ascertain status at the following email: Coastguarddocumentation@gmail.com."

7. On or before September 16, 2016, Defendants shall provide to Plaintiffs a list identifying customers of current Boat Documentation US. Edward Riener may review emails in the server(s) written to Boat Documentation US prior to the date the preliminary injunction was issued to identify Boat Documentation US customers. Plaintiffs shall have seven days from receipt of Defendants' customer list to identify which of said customers were former customers of Plaintiffs.

8. As to any Boat Documentation US customers who contact Defendants, Defendants may either process orders for those persons who have already paid for vessel documentation services and/or pay chargebacks back to said customers depending on the customer's preference. As to any Boat Documentation US customers whom Defendants have already received the Certificate of Documentation from the NVDC, Defendants will provide said certificates to the customers.

9. All correspondence with any Boat Documentation US customer shall be in writing via email and copied to Plaintiffs and their counsel at john@uscgdocumentation.com, dmakous@lhlaw.com, msoroky@lhlaw.com, and kfictelman@lhlaw.com. By entering into this Stipulation, Plaintiffs do not agree to release Defendants for any liability relating to their improper use of Plaintiffs' business, including but not limited to Plaintiffs' customer information, financial information and Plaintiffs' emails, in connection with Defendants' operations of Boat Documentation US.

10. All counsel shall receive backup copies of the server(s) accessible via the vesseldocumentation.us hosting provider server login.

11. The preliminary injunction should be modified to include the above terms.

12. As to any evidence contained in the emails in the server used by Plaintiffs, review and use of the emails for purposes of prosecuting or defending this action, use of said emails will not be deemed a violation of the preliminary injunction and the parties will enter into a Stipulated Protective Order governing the use of said emails and any metadata or IT evidence.

IT IS SO STIPULATED.

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

DATED: September 2, 2016  **LEE, HONG, DEGERMAN, KANG & WAIMEY**

By: /s/Matthew J. Soroky
Matthew J. Soroky
Attorneys for Plaintiffs, U.S. Marine Surveyors, Inc. and U.S. Vessel Documentation

DATED: September 2, 2016  **WELLMAN & WARREN, LLP**

By: /s/ Anabella Q. Bonfa
Anabella Q. Bonfa
Attorneys for Defendants Edward Riener
and Edward Riener d.b.a Elemental Web Design

**IT IS SO ORDERED.**

DATED: September 6, 2016

By: 
The Honorable Percy Anderson
United States District Court Judge