1  David N. Makous, SBN 82409
   Matthew J. Soroky, SBN 258230
2  Keith H. Fichtelman, SBN 262476
3  LEE, HONG, DEGERMAN, KANG & WAIMEY
   660 South Figueroa Street, Suite 2300
4  Los Angeles, California 90017
   Telephone: (213) 623-2221
5  Facsimile:  (213) 623-2211
6
7  Attorneys for Plaintiffs, U.S. Marine Surveyors, Inc.
   and U.S. Vessel Documentation, and
   Counter-Defendants John Soria and Websites Depot, Inc.

8

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. MARINE SURVEYORS, INC., a California corporation; U.S. VESSEL DOCUMENTATION, a California corporation,<br><br>            Plaintiffs,<br><br>vs.<br><br>EDWARD RIENER, an individual; EDWARD RIENER D.B.A. ELEMENTAL WEB DESIGN, an unknown entity,<br><br>            Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO.: 2:16-cv-05360-PA- FFM<br><br>**SCHEDULING CONFERENCE REPORT**<br><br>Conference: October 17, 2016<br>Time:       10:30 a.m.<br>Court:      15<br>Judge:      Hon. Percy Anderson |

**SCHEDULING CONFERENCE REPORT**

Pursuant to Fed. R. Civ. P. 26(f), Local Rule 26-1, this Court's Standing Order (Dkt. 10) Order Scheduling Meeting of Counsel and Scheduling Conference (Dkt. 42), and Order Granting Joint Stipulation to Continue the Scheduling Conference (Dkt. 60), Plaintiffs U.S. Marine Surveyors, Inc. ("USMS") and U.S. Vessel Documentation ("USVD"), Counter-Defendants John Soria ("Soria") and Websites Depot, Inc. ("WDI") (collectively, "Plaintiffs"), on the one hand, and Defendants Edward Riener and Edward Riener d.b.a Elemental Web Design ("Riener"), on the other hand (collectively the "Parties"), have conferred and respectfully submit this Joint Rule 26(f) Report.

## SYNOPSIS OF PRINCIPAL ISSUES

### A.   Plaintiffs' Statement

Plaintiffs allege that Riener, their former web designer, engaged in a calculated and premeditated scheme to hijack Plaintiffs' thriving marine surveyor and vessel documentation businesses and to commit brazen identity theft by now holding out to the public that Plaintiffs' web-based businesses were his own, while fully concealing the theft/conversion. When Plaintiffs advised Riener that they were switching web administrators, Riener demanded that he immediately be paid $50,000 (a concededly made-up extortionary amount) from Plaintiffs or else he would shut down their websites, including vesseldocumentation.us. Plaintiffs refused to pay and Plaintiffs were fully shut down within hours of Riener's threat. Over the next few days, Riener proceeded to completely convert their businesses to his own – lock, stock, and barrel.

Plaintiffs have alleged 15 claims against Riener arising out of his unlawful conduct. The principal issues in the case are as follows:

1.   Whether Plaintiffs or Riener own the copyright in the web content displayed on www.vesseldocumentation.us, and thus, whether Riener infringed on the copyright when he operated the VD Website under the name "BOAT DOCUMENTATION US".

1

SCHEDULING CONFERENCE REPORT

2. Whether Plaintiffs or Riener own the domain name www.vesseldocumentation.us.
3. Whether Riener committed cybercrimes in violation of California Penal Code section 502 when he admittedly "decided to operate the website himself and turn it into his own vessel documentation business (See Dkt. 33 [Counter-Complaint], ¶25).
4. Whether Riener unlawfully converted Plaintiffs' business.
5. Whether Riener's use of BOAT DOCUMENTATION US on the VD Website falsely represented himself as Plaintiffs to actively mislead the public in violation of the Lanham Act, Section 43(a).
6. Whether Riener interfered with Plaintiffs' contracts and prospective customers.
7. Whether Riener misappropriated Plaintiffs' trade secrets.
8. Whether Riener engaged in a "click fraud" scheme.
9. Whether Riener's actions amount to a violation of applicable unfair competition laws.
10. Whether Riener breached the Web Development Agreement and amendments thereto by failing and refusing to transfer Plaintiffs access to the marine surveyor and vessel documentation websites.
11. Whether Riener defrauded Plaintiffs when he promised Plaintiffs that he would register the domain name for the vessel documentation business in Plaintiffs' name, but unbeknownst to Plaintiffs he registered the vessel documentation site in his own name.

Plaintiffs intend to file a motion for summary judgment, or alternatively, summary adjudication in their favor as to these issues. Plaintiffs also intend to file motions to leave to amend their pleadings, for contempt of Court for Riener's violations of the TRO and preliminary injunction, for terminating sanctions, and for an order modifying the preliminary injunction to prohibit Riener from

engaging in any business involving submission of consumer's vessel application or documentation forms to the U.S. Coast Guard, National Vessel Documentation Center, on the customer's behalf.

In addition, Riener has asserted 7 counterclaims against Plaintiffs, Soria and WDI, claiming that Riener entered into a partnership with USVD and is therefore entitled to receive a share of income from Plaintiffs' vessel documentation business. Plaintiffs deny the existence of any partnership with Riener. USVD was not in existence at the time of the alleged oral contract. Riener could not have entered into any agreement with an unformed entity.

Moreover, his claim lacks the requisite definiteness as to all terms, such that there is no remedy. Riener is conflating a personal arrangement with Soria to split commissions on referrals for yacht sales clients with Plaintiffs' entire documentation business. Plaintiffs treated Riener and he was like a part-time agent who had no participation in directing or managing Plaintiffs' business. Plaintiffs paid him in full for all of his services in establishing the vesseldocumentation.us domain name and web content. The Court has already noted that Riener has failed to prove nonpayment.

Plaintiffs also contend that the counterclaims for copyright infringement and tortious interference fail because Plaintiffs' temporary website www.uscgdocumentation.us is not infringing, and Riener lacks standing to sue.

Plaintiffs, Soria and WDI intend to file a motion for summary judgment, or alternatively, summary adjudication in their favor as to these issues.

**B.   Defendant's Statement**

Defendant alleges that Soria breached his partnership contract by not following through with payment to Riener for his numerous months of work on the VD website. Riener was promised a seven-digit bank account and a partnership role in the company for his continued efforts building the Vessel Documentation, Inc. 'online empire.' It was only after numerous months of

3
**SCHEDULING CONFERENCE REPORT**

insufficiently paid work that Riener came to the conclusion that Soria had misrepresented his partnership agreement, and decided to take action. After frequent threats and harassment from Soria, Riener disabled the website-portion of the business. His portion of the partnership involved the online presence, and Riener lacked the ability to shut down the entire business. In an attempt to settle without conflict, Riener offered to sell the rights to the website to Soria for a very reasonable amount, one that Soria could afford, and offered to dissolve the partnership. Soria refused, and hired a third-party web developer to unlawfully duplicate the copyrighted website and operate it independently of Riener.

Defendants have alleged 7 claims against Plaintiffs arising out of their unlawful conduct. The principal issues in the case are as follows:

1. Whether Plaintiffs breached the oral contract of a partnership between Soria, U.S. Vessel Documentation, Inc. and Riener in exchange for continuous service building the VD website and additional websites.
2. Whether Plaintiffs committed fraud by intentionally misrepresenting to Riener that he would be "guaranteed a seven figure bank account" for his efforts in building the partnership's assets.
3. Whether Plaintiffs committed willful copyright infringement by constructing and operating a separate website duplicated by "scanning and taking screenshots" of the VD website.
4. Whether Plaintiffs committed intentional interference with prospective economic advantage against Boat Documentation US.
5. Whether Soria declared Riener a partner of the vessel documentation business.
6. Whether Riener exclusively owns the copyrights to the VD website.
7. Whether Riener is entitled to an accounting of the funds that have been diverted away from the partnership for Plaintiff's pecuniary benefit.

Defendant intends to file a motion to amend pleadings to add the necessary parties and a cause of action for defamation against John Soria, as he has been defaming Defendant to his customers and employer. There have been numerous calls into Riener's employer's office and to Riener's previous web design clients by a representative claiming that the individuals' website has the risk of being hijacked or stolen by Riener.

Moreover, all claims of Plaintiff regarding a simple agreement to split commissions on referrals for yacht sales clients are without merit. There is simply no way to obtain a "seven-digit bank account" through yacht sales commissions, specifically a 50% split of those commissions. Soria made numerous statements and declared Riener a partner in 'the empire' that was being built by both parties. Considering the vessel documentation website, built by Riener, was the largest income generator of 'the empire,' it is reasonable to assume that this portion of the partnership was included in the agreement.

## I. PARTIES

Subject to further discovery, the Parties anticipate that Plaintiffs will seek to amend their pleading to add additional parties, including but not limited to Sean Gorman and Jack Hennings, as defendants.

Subject to further discovery, Defendant will seek to amend pleadings to add the appropriate parties, including but not limited to John Soria and any other entity associated with him.

## II. DISCOVERY PLAN

**A.  Initial Disclosures**

At the Rule 26(f) Conference of Counsel, the Parties agreed that the disclosures required by Rule 26(a) be made on October 10, 2016.

**B.  Subjects on Which Discovery May be Needed**

Plaintiffs intend to take discovery into, among other things, liability, damages, affirmative defenses, and contractual obligations pursuant to Rule 30,

5
**SCHEDULING CONFERENCE REPORT**

Rule 33, Rule 34 and Rule 36. This includes discovery relating to each of the issues identified above.

Plaintiffs also anticipate that they will require, pursuant to Rule 45, third party depositions of (i) third party witnesses who Plaintiffs believe are aiding and abetting Riener (including Allen Larson, Sean Gorman, and Jack Hennings); (ii) local third party customers who complained to Plaintiffs; (iii) Riener's customers whose identities are unknown to Plaintiffs at this time; (iv) the National Vessel Documentation Center, United States Coast Guard, located in West Virginia, (v) cellular phone providers, (vi) internet companies that were involved with hosting website servers and/or email servers, and (viii) others whose importance may be discovered through discovery.

Defendant intends to take discovery into, among other things, liability, damages, affirmative defenses, and contractual obligations pursuant to Rule 30, Rule 33, Rule 34 and Rule 36. This includes discovery relating to each of the issues identified above.

Defendant anticipates that he will require depositions of U.S. Marine Surveyors, Inc. U.S. Vessel Documentation, Inc. USCG Documentation, Inc. John Soria, Maria Soria, Jesse Rios, Zachary Johnson and Websites Depot, Inc. representatives of the National Vessel Documentation Center( (i) Depositions of customers of U.S. Vessel Documentation, Inc. customers of USCG Documentation, Inc. customers of U.S. Marine Surveyors, Inc. customers of John Soria (ii) others whose importance may be discovered through discovery.

The Parties agree that discovery should not be phased or otherwise limited by issues.

The Parties' proposed discovery dates are included in the Proposed Case Schedule set forth below.

**C.     Discovery of Electronically Stored Information ("ESI")**

Plaintiffs' counsel confirms that a legal hold notice has been issued to the

relevant employees of USVD and USMS that would have discoverable information concerning the subject matter of the Parties' dispute.

The Parties have agreed that Rules 34 and 45 of the Federal Rules of Civil Procedure will control ESI in this proceeding.

**D.   Claims Relating to Privilege and the Confidentiality of Information**

Per Paragraph 12 of the Parties' Joint Stipulation and Order to Modify Preliminary Injunction (Dkt. 56), the Parties agree to enter into a Stipulated Protective Order governing (i) discovery and disclosure of the Parties' financial information and (ii) the use of Plaintiffs' "emails, metadata and IT evidence."

**E.   Changes to Limitations on Discovery or other Limitations**

Plaintiffs have taken approximately four hours of Riener's deposition regarding the Court's OSC Re: Preliminary Injunction. In light of subsequent discoveries regarding Riener's collaboration with third parties Larson, Gorman and Hennings and Plaintiffs receiving access to the servers hosting their emails addressed to and from their @vesseldocumentation.us email addresses, Plaintiffs request another 7 hours for Riener's deposition, totaling 11 hours. Plaintiffs have offered Riener an additional 4 hours for Soria's deposition in exchange.

Defendant disputes that there is a need for 7 additional hours after the initial 4 hours; the deposition can be completed within the remaining 3 hours.

**F.   Additional Orders**

At this time, the Parties do not anticipate the need for additional orders under Rule 16(b) and (c) and Rule 26(c).

### III.   PROPOSED CASE SCHEDULE

The Parties propose that the Court adopt the following Case Schedule, which includes dates for the disclosure of expert testimony and relevant motion deadlines:

| Matter | Time | Weeks before trial | Plaintiff(s) (Request) | Defendant(s) (Request) | Court Order |
|---|---|---|---|---|---|

7

**SCHEDULING CONFERENCE REPORT**

| Event | Time | Weeks before trial | Date 1 | Date 2 | |
|---|---|---|---|---|---|
| Trial [jury] [court] Trials held | 8:30 am | Tuesday | April 25, 2017 | July 24, 2017 | |
| [Jury] Hearing on Disputed | 1:30 pm | -1 Tuesday | April 18, 2017 | July 19, 2017 | |
| [Court trial] File Findings of Fact and Conclusions of Law | | -1 Tuesday | April 18, 2017 | July 17, 2017 | |
| File Joint Deposition Designation Submission and lodge pertinent depo transcript | | 13 days Thursday | April 13, 2017 | July 13, 2017 | |
| [Jury/Court trial] Hearing on Motions in Limine | 1:30 pm | -2 Tuesday | April 11, 2017 | July 11, 2017 | |
| [Jury] Joint jury instructions; disputed jury instructions to be filed and emailed to chambers in Word. | | -3 Tuesday | April 4, 2017 | July 5, 2017 | |
| Pretrial Conference; Proposed Voir Dire Q.s. Lodged; file Agreed-to Statement of Case; File Agreed Verdict Forms; Exchange objections/response to deposition designations | 3:00 pm | -4 Tuesday | March 28, 2017 | June 27, 2017 | |
| Motions in Limine to be filed. | | -6 Tuesday | March 14, 2017 | June 13, 2017 | |
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit & Witness Lists; Exchange deposition designations | | -6 Tuesday | March 14, 2017 | June 13, 2017 | |
| Last date to file Joint Report regarding ADR Proceeding | | -7 Tuesday | March 7, 2017 | June 7, 2017 | |
| Last day for hearing motions | 1:30 pm | -9 Tuesday | February 20, 2017 | May 19, 2017 | |
| Last day for hearing dispositive motions | 1:30 pm | -9 Tuesday | February 20, 2017 | May 19, 2017 | |
| Discovery cut-off | | -10 Monday | February 13, 2017 | May 11, 2017 | |
| Last Day to Exchange Rebuttal Expert Reports | | | February 21, 2017 | May 18, 2017 | |
| Last Day to Exchange Expert Reports | | | January 30, 2017 | April 27, 2017 | |

8

**SCHEDULING CONFERENCE REPORT**

| Last to Amend Pleadings or Add Parties | | | October 31, 2016 | January 31, 2017 | |

## IV. TRIAL

Plaintiffs request that a 3-day bench trial with a trial date to be set for in or before April 2017. Defendants propose that trial begin in or around July 2017 and requests a jury trial. Assuming full trial days, the parties believe that a jury trial can be completed within 6-7 trial days.

## V. ALTERNATIVE DISPUTE RESOLUTION

Plaintiffs select ADR Procedure No. 3 (private mediation), in accordance with General Order 11-10, § 5.1 and Local Rule 16-15.4. Defendants select ADR Procedure No. 2 (Court's Mediation Panel).

## VI. MANUAL FOR COMPLEX LITIGATION

The case is not complex, nor does it require reference to the procedures set forth in the Manual on Complex Litigation.

The Parties agree that counsel for Plaintiffs shall file this Joint Report on the parties' behalf. The individuals whose electronic signatures are listed below have each concurred in the filing's content and have authorized the filing.

DATED: October 3, 2016 **LEE, HONG, DEGERMAN, KANG & WAIMEY**

By: /s/ David N. Makous
David N. Makous
Attorneys for Plaintiffs, U.S. Marine Surveyors, Inc. and U.S. Vessel Documentation, and Counter-Defendants John Soria and Websites Depot, Inc.

DATED: October 3, 2016

By: DocuSigned by: 92E8E7BB759645B...
Edward Riener
Appearing *Pro Se* for Defendants Edward Riener and Edward Riener d.b.a Elemental Web Design

---

9
**SCHEDULING CONFERENCE REPORT**

# PROOF OF SERVICE

I, Sharon Cunningham, declare as follows:

I am employed in the County of Los Angeles, State of California. by the law firm of Lee, Hong, Degerman, Kang & Waimey (the "Firm"). I am over the age of 18 years and not a party to the within action. My business address is 660 South Figueroa Street, Suite 2300, Los Angeles, CA 90017.

I served a true copy of the document named below **via U.S. MAIL** on the person and/or entities noted herein. Each sealed envelope was placed for collection and mailing on the date noted. I am "readily familiar" with this firm's business practice for the collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day with postage thereon fully prepaid at Los Angeles, California. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

| | |
|---|---|
| **DATE OF SERVICE:** | October 3, 2016 |
| **DOCUMENT SERVED:** | SCHEDULING CONFERENCE REPORT PER JOINT RULE 26(F) |
| **PARTY SERVED:** | **Edward Riener**<br>4200 Chino Hills Pkwy #135<br>Chino Hills, CA 91709<br>Phone: 850-390-0609 |

[ ]    **(State)**   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]    **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 3, 2016, at Los Angeles, California.

/s/*Sharon Cunningham*
Sharon Cunningham

PROOF OF SERVICE