David N. Makous, SBN 82409
Navdeep K. Singh, SBN 284486
LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017
Telephone: (213) 623-2221
Facsimile:   (213) 623-2211

Attorneys for Plaintiffs and Counter-Defendants,
U.S. Marine Surveyors, Inc. and U.S. Vessel
Documentation, and Counter-Defendant John Soria

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. MARINE SURVEYORS, INC., a California corporation, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>EDWARD RIENER, an individual, et al.,<br><br>Defendants. | CASE NO.: 2:16-cv-05360-PA- FFM<br><br>**COUNTER-DEFENDANTS U.S. MARINE SURVEYORS, INC., U.S. VESSEL DOCUMENTATION, WEBSITES DEPOT, INC. AND JOHN SORIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| EDWARD RIENER, an individual, et al,<br><br>Counter-Claimant<br><br>vs.<br><br>U.S. MARINE SURVEYORS, INC., a California corporation, et al.,<br><br>Counter -Defendants. | |

1

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................. 2

II. ARGUMENT ................................................................................................... 2

    A.   Summary Judgment Standard ............................................................ 2

    B.   Counter-defendants are entitled to Summary Judgment on All of Riener's Counterclaims .................................................................... 3

        1.   Riener's Claims for Breach of Contract, Fraud – Intentional Misrepresentation, and Declaratory Relief re: Existence of Partnership all Fail (First, Second and Fifth Claims for Relief) ....................................................................................... 3

        2.   Riener's Claims for Copyright Infringement, Intentional Interference with Prospective Economic Advantage, and Declaratory Relief re: Ownership of Copyright all Fail (Third, Fourth and Sixth Claims for Relief) ......................................... 6

III. CONCLUSION ............................................................................................. 11

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*
  477 U.S. 242 (1986) .................................................................................................. 2

*Art Attacks Ink, LLC v. MGA Entm't Inc.*
  581 F.3d 1138 (9th Cir.2009) .................................................................................... 6

*Bradbury v. Columbia Broadcasting System, Inc.*
  287 F.2d 478, 485 (9th Cir.), cert. dismissed, 368 U.S. 801, 82 S.Ct. 19, 7 L.Ed.2d 15 (1961) ................................................................................................................... 6

*CDN, Inc. v. Kapes*
  197 F.3d 1256 (9th Cir.1999) .................................................................................... 7

*Celotex Corp. v. Catrett*
  477 U.S. 317 (1986) ............................................................................................ 2, 3

*Ets-Hokin v. Skyy Spirits, Inc.*
  225 F.3d 1068 (9th Cir. 2000) ................................................................................... 7

*KRL v. Moore*
  384 F. 3d 1105 (9th Cir. 2004) .................................................................................. 3

*Media.net Adver. FZ-LLC v. NetSeer, Inc.*
  15. F. Supp. 3d 1052 (N.D. Cal. 2016) ..................................................................... 7

*Oasis West Realty, LLC v. Goldman*
  51 Cal. 4th 811 (2011) .............................................................................................. 5

*Roth Greeting Cards v. United Card Co.*
  429 F.2d 1106 (9th Cir. 1970) ................................................................................... 7

*Shady Records, Inc. v. Source Enters.*
  No. 03-cv-9944, 2004 U.S. Dist. LEXIS 26143, at *36 (S.D.N.Y. Dec. 30, 2004) ................. 8

*Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*
  562 F.2d 1157 (9th Cir.1977) .................................................................................... 6

*Taylor v. List*
  880 F. 2d 1040 (9th Cir. 1989) .................................................................................. 2

*Van Asdale v. Int'l Game Tech.*
   577 F.3d 989 (9th Cir. 2009) ................................................................................... 4

*Veeck v. S. Bldg. Code Cong. Int'l*
  293 F.3d 791 (5th Cir. 2002) .................................................................................... 7

*Weddington Prods., Inc. v. Flick*
  60 Cal. App. 4th 793 (1998) ..................................................................................... 5

*Yeager v. Bowlin*

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

693 F.3d 1076 (9th Cir. 2012) .................................................................................... 4

**Statutes**

Fed. R. Civ. P. 56(e) .................................................................................................. 3

**Other Authorities**

1 Witkin, Summary of Cal. Law, Contracts, § 145, p. 169 ........................................ 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Without a scintilla of evidence to support his claims, Counterclaimant Edward Riener ("Riener") claims sole ownership of the copyright of the usvesseldocumentation.us website, and ownership in the business of U.S. Vessel Documentation (and that he is therefore entitled to profits from the same). Riener also asserts, without absolutely any supporting basis, that he is somehow entitled to a piece of Counter-defendant John Soria's U.S. Vessel Documentation ("USVD") business due to a purported oral promise made by John Soria (the principal of USVD) to make Riener a "partner" in Counter-defendants' vessel documentation business. All of Riener's causes of actions set forth in his counterclaim (Doc. No. 33) fail, and Counter-defendants respectfully request that the Court grant summary judgment in their favor on all counterclaims.

## II. ARGUMENT

### A. Summary Judgment Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing there is no genuine issue of material fact. *See, e.g.*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To defeat the motion for summary judgment, the responding party must present admissible evidence sufficient to establish any of the elements that are essential to the moving party's case and for which that party will bear the burden of proof at trial. *See id.*; *Taylor v. List*, 880 F. 2d 1040, 1045 (9th Cir. 1989).

The Court may grant summary judgment if the motion and supporting materials, including the facts considered undisputed, show the movant is entitled to summary judgment and if the responding party fails to properly address the

moving party's assertion of fact as required by Rule 56(c). *See* Fed. R. Civ. P. 56(e).

The responding party cannot point to mere allegations or denials contained in the pleadings. It is not enough for the non-moving party to produce a mere "scintilla" of evidence. *Celotex Corp.*, at 252. Instead, the responding party must set forth, by affidavit or other admissible evidence, specific facts demonstrating the existence of an actual issue for trial. *See KRL v. Moore*, 384 F. 3d 1105, 1110 (9th Cir. 2004).

### B. Counter-defendants are entitled to Summary Judgment on All of Riener's Counterclaims

#### 1. Riener's Claims for Breach of Contract, Fraud – Intentional Misrepresentation, and Declaratory Relief re: Existence of Partnership all Fail (First, Second and Fifth Claims for Relief)

Riener asserts that "[a]s consideration for developing the Second Website [vesseldocumentation.us], Soria represented to Riener that he would make him a 'partner' in USVD, and that the both of them would make 'millions of dollars' together once the Second Website was up and running." (Doc. No. 33, ¶ 19). This conclusory allegation fails to make out any legally cognizable claim for relief under these three causes of action. Furthermore, Riener's claim is plainly contradicted by the evidence adduced in this action to date – particularly his own deposition testimony. This evidence definitively establishes that the parties did not enter into any partnership agreement or agree to provide Riener with an ownership interest in counter-defendants' company, and likewise, that counter-defendants made no actionable representation regarding such. Thus Riener is not entitled to relief on his First, Second and Fifth Claims for Relief.

First, and most importantly, in his deposition, Riener never articulated any terms of such a contract, and merely mentioned that he and Mr. Soria merely "talked about a partnership" but he could not particularize anything further. *See*

3
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

Second Decl. of David Makous ("Second Makous Dec."), ¶ 6.A, p. 3 lines 14-17 (Doc. No. 28-3, p. 3; Doc. 28-4, p. 57, lns. 9-14 (" . . . we had talked about a partnership to where I would build websites and I would help build the websites more and do further things. And besides sending me leads, I would get paid and compensated for that. He had promised millions of dollars . . ..").

Secondly, Riener always acted inconsistent with having an ownership interest in counter-defendants' business. Riener did not claim he was a shareholder of Counter-defendants, and he had no agreement to a specific share of their revenues. *See id.*, ¶¶ 6.D.5 and 6.D.6 (Doc. No. 28-3, p. 5; Doc. No. 28-4, pp. 48-49, lns. 17-25, 1 ("Q: Did you have a shareholder interest in either U.S. Marine Surveyor or U.S. Vessel Documentation? . . . .A: I don't know if I was a shareholder"). In the same vein, he placed USVD's name on the Google for Work as the named account holder. *See* Second Makous Dec., ¶ 6.I, p. 9, lines 3-6 (Doc. No. 28-3, p. 9). Riener's admissions indicate that he was at most a part-time employee and/or agent of Counter-defendants who had no participation in directing or managing Counter-defendants' business. *See id.*, ¶¶ 6.D, pp. 5-6 and 6.I, pp. 8-9 (Doc. No. 28-3, pp. 5-6; pp. 8-9).[1]

Third, Riener was only a part-time marginal agent hired by counter-defendants. *See* Second Soria Dec., ¶ 28 (Doc. No. 28-1, p. 10). He did not process documentation, did not interact with customers, and in fact had no experience in documentation until he became acquainted with Counter-defendants. *See* Second Makous Dec., ¶¶ 6.D and 6.E (Doc. No. 28-3, pp. 5-6). Riener himself vacillates on the nature of his role, claiming on the one hand he had an "integral role" with the vessel documentation business (*see* Doc. No. 28-4, p. 142, lns. 17:20), yet he states in his August 1 declaration that he "did not have

---

[1] Riener cannot contradict these admissions in his opposition to this Motion. *See Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009) ("[A] party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony."); *accord Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012) (citations omitted).

4
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

access to the internal office workings of U.S. Vessel Documentation, Inc. [sic] I did not see their day-to-day operations. I did not hear their phone calls." Declaration of Edward Riener, Doc. 21, p. 9, ¶ 26.

The elements of a cause of action for breach of contract under California law are well established. These are: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). In order for acceptance of a proposal to result in the formation of a contract, the proposal "must be sufficiently definite, or must call for such definite terms in the acceptance, that the performance promised is reasonably certain." *Weddington Prods., Inc. v. Flick*, 60 Cal. App. 4th 793, 811 (1998) (quoting 1 Witkin, Summary of Cal. Law, Contracts, § 145, p. 169). A proposal "'cannot be accepted so as to form a contract unless the terms of the contract are reasonably certain. . . . The terms of a contract are reasonably certain if they provide a basis for determining the existence of a breach and for giving an appropriate remedy.'" *Id.*

Given this clear standard, Riener's claim falls far short, as there is no certainty to any terms at all which could form the basis of the claim for a "partnership".[2]

---

[2] It is worth pointing out that the only contractual relationship (now defunct) that Riener actually had with Counter-defendants was on a commission-basis for the "referrals of yacht sales clients." *See* Second Makous Dec., ¶ 6.A, p. 3, lns. 7- 9 (Doc. No. 28-3, p. 3). Riener admitted that virtually all of the payments he received from Counter-defendants were for referrals for boat sales and other tasks unrelated to the documentation website. *See id.* at ¶ 6.A, p. 3, lns 14-17 ("There were a few leads that I did split 50/50 for him…with him") (Doc. No. 28-3, p. 3); *see also* Second Soria Dec., ¶ 23 (Doc. No. 28-1, pp. 8-9).

### 2. Riener's Claims for Copyright Infringement, Intentional Interference with Prospective Economic Advantage, and Declaratory Relief re: Ownership of Copyright all Fail (Third, Fourth and Sixth Claims for Relief)

#### i. There was no access and there is no substantial similarity between Counter-defendants' uscgdocumentation.us website and the vesseldocumentation.us website.

Riener's claim for copyright infringement fails for the simple reasons that there was no access by counter-defendants and there is no substantial similarity of *protectable* content between Counter-defendants' latest website (uscgdocumentation.us) and the old, hijacked vesseldocumentation.us website.

As set forth in the accompanying Third Declaration of Danny Star (the "Third Star Declaration"), Counter-defendants **did not - and indeed, could not have accessed** - the old hijacked vesseldocumentation.us website when they were doing the emergency design of the new uscgdocumentation.us site, because Riener had shutdown vesseldocumentation.us to everyone, making it inaccessible during the time that counter-defendants independently created the new uscgdocumentation.us website. As such, there is lack of access here. *See Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1172 (9th Cir.1977) (observing that proof of access requires "an opportunity to view or to copy plaintiff's work"); *see also Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1143 (9th Cir.2009) (requiring "a reasonable possibility, not merely a bare possibility"). Here, there was no such possibility.

Additionally, there is no substantial similarity here. "The test of infringement is whether the work is recognized by an ordinary observer as having been taken from the copyrighted source." *Bradbury v. Columbia Broadcasting System, Inc.*, 287 F.2d 478, 485 (9th Cir.), cert. dismissed, 368 U.S. 801, 82 S.Ct. 19, 7 L.Ed.2d 15 (1961). "[T]here must be substantial similarity between the infringing work and the work copyrighted; and that similarity must have *been*

*caused by the defendant's having copied the copyright holder's creation.*" *Roth Greeting Cards v. United Card Co.*, 429 F.2d 1106, 1110 (9th Cir. 1970) (emphasis added). There is no substantial similarity of protectable elements between the two sites; they were both created to automate the process of completing publicly-available government-issued forms and regulations from the National Vessel Documentation Center's ("NVDC") website (https://www.uscg.mil/nvdc/default.asp) (*see* Third Star Decl., ¶ 5). Such material is not protectable under copyright law. *See , e.g.*, *Veeck v. S. Bldg. Code Cong. Int'l*, 293 F.3d 791 (5th Cir. 2002) (holding that every model code that has been adopted by a government entity is in the public domain; any person may reproduce such a code, as adopted, for any purpose, including placing it on a website).

Similarly, when information can only be expressed in a limited way – as is the case with the content contained on the new uscgdocumentation.us website - it is not protectable under copyright law pursuant to the doctrine of merger because there is only a limited way that such information can be conveyed. *See Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1082 (9th Cir. 2000) (holding that the merger doctrine "will not protect a copyrighted work from infringement if the idea underlying the copyrighted work can be expressed in only one way, lest there be a monopoly on the underlying idea"); *CDN, Inc. v. Kapes*, 197 F.3d 1256, 1261 (9th Cir.1999) (similar).

Finally, Riener's contention that the website has the "same look and feel" as vesseldocumentation.us (Doc. No. 33, ¶ 26) is non-cognizable. *See Media.net Adver. FZ-LLC v. NetSeer, Inc.*, 15. F. Supp. 3d 1052, 1062 (N.D. Cal. 2016) (confirming that the Copyright Office has determined that "[t]he layout, format, or 'look and feel' of a website" are "[e]xamples of uncopyrightable material").

### ii. Riener's Copyright registration is invalid and his claim accordingly fails because he did not disclose a co-author/designer as the vesseldocumentation.us website.

Yesterday, June 04, 2017, Counter-defendants took the deposition of Allen Larson – a co-designer of the vesseldocumentation.us website. In his deposition, Larson admitted that Riener asked him to design the vesseldocumentation.us website. *See* Fourth Declaration of David Makous ("Fourth Makous Decl."), ¶ 3, and Exh. 1 thereto, pp. 28-29, lines 16-25, 1 (Q: *"Now, did you – do you know there is [sic] two companies that Mr. Soria owned, U.S. Marine Surveyors and U.S. Vessel Documentation? A: Yes*. Q: Did you do work for both of them or just one of them? A: Both. Q: Okay. *A: Yeah. I designed – Q: You designed both Websites? A: Yes.*" (emphases added)). Because Riener failed to disclose Allen Larson as a co-author on the copyright application submitted to the Copyright Office, Riener's copyright infringement claim fails because the registration is invalid. *See Shady Records, Inc. v. Source Enters.*, No. 03-cv-9944, 2004 U.S. Dist. LEXIS 26143, at *36 (S.D.N.Y. Dec. 30, 2004) ("[A] misrepresentation as to the ownership of the copyright would clearly affect the ability of the Copyright Office to properly register the copyright to a true owner. Courts have held that if the misstatement goes toward true authorship affecting ownership, or true ownership due to faulty assignments between author and copyright claimant, the registration is invalid, where coupled with evidence of an intent to defraud.").

### iii. Riener's contentions fail because he is not the sole author of the copyright in vesseldocumentation.us as he claims

Riener's claim of ownership of the vesseldocumentation.us website, which was created by USVD at its direction and control, is without merit. The evidence plainly demonstrates that Counter-defendants (USMS and USVD) directed and controlled the buildout of the vesseldocumentation.us website. This is confirmed by ample, indisputable evidence:

8

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

1) USMS confirmed the availability of the vesseldocumentation.us domain name on its own and gave instructions to Riener to register the domain name on its behalf.  *See* Second Soria Dec., ¶ 33 and Exh. 37 thereto (Doc. No. 28-1, pp. 11-12; Doc. No. 28-2, pp. 13-15);

2) USMS also paid Riener to do so and Riener did not deny receiving these payments.  *See id.* at ¶ 23; (Doc. No. 28-1, pp. 8-9);

3) Riener's subsequent placement of copyright notices in multiple locations was done solely in the name of U.S. Vessel Documentation (*see id.*, at ¶ 34; Doc. 28-1, p. 12).  This is contrary to any reasonable assertion of ownership by him; strangely, Riener admitted that he *may have included Plaintiffs as co-authors in his copyright registration application* (*see* Second Makous Dec., ¶ 6.N, p. 11, lines 25-28 (Doc. 28-3, p. 11)), which further undermines Riener's claim that he is the sole author.

4)   Until the vesseldocumentation.us launch on July 17, 2015, Maria Carlos and John Soria provided to Riener all materials, content, ideas, logos, and formats to be loaded on the site. (First Decl. of John Soria, Doc. No. 15-3, p. 5);

5)   In the fall of 2015, John Soria – on behalf of USMS – requested Riener to build a vessel documentation website to process vessel documentation. This website eventually became vesseldocumentation.us for counter-defendants' vessel documentation business (*Id.*, Doc. No. 15-3, p. 5);

6)   In October 2015, on behalf of USMS, John Soria paid Riener cash to register the domain name and set up the vesseldocumentation.us. Once again, Riener assured John Soria that he understood his duties as an agent of USMS and would establish all registrations and web hosting accounts for the vesseldocumentation.us in USMS's name (*Id.*, Doc. No. 15-3, pp. 5-6);

9
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

7) On October 03, 2015 Riener registered vesseldocumentation.us for USMS and asked USMS to approve the site and emailed USMS the first pilot link to "vesseldocumentation.us" website. (*Id.* and Exh. 13 thereto, Doc. No. 15-3, p. 6; Doc. No. 15-4, p. 24);

8) On October 25, 2015 USMS emailed Riener detailed instructions, information and content and instructed him to load the content onto the vesseldocumentation.us website, along with a link to the selected NVDC forms (https://www.uscg.mil/nvdc) which are the publically available US Coast Guard vessel forms. (*Id.*, and Exh. 14 thereto; Doc. No. 15-3, p. 6; Doc. No. 15-4, pp. 25-31);

9) On February 18, 2016, John Soria incorporated in California, as the sole owner, a new company on February 18, 2016 as "US Vessel Documentation" (USVD). USMS gave USVD permission, through John Soria as President of both companies, to use all of the pertinent materials USMS had created before it was formed, including all domain names and business information and content (*Id.*, Doc. No. 15-3, p. 7);

10) During the entire creation and launch of the USMS Website and vesseldocumentation.us website, and subsequent management and operation by USMS and its staff, Ms. Maria Carlos and Mr. John Soria, on behalf of USMS, actively directed, controlled and approved all design elements of the web content for these two websites. This was conducted orally, in person or by phone and via emails and texts (Doc. No. 15-3, pp. 8-9);

11) John Soria, on behalf of USMS, instructed Riener to post copyright notices in the names "U.S. Marine Surveyors, Inc." and, after he incorporated USVD in February 2016, its name, on the homepages on both websites. Riener never objected or ever asserted any ownership or control

of any of counter-defendants' websites or businesses (Doc. No. 15-3, p. 9; Doc. No. 1-5).

As is clearly demonstrated by the foregoing factors, Riener lacks any ownership interest in the vesseldocumentation.us web content.

## III. CONCLUSION

Therefore, Riener is not an author, and certainly not the sole author, of the vesseldocumentation.us website, and thus counter-defendants have no liability for his asserted claims. As such, for all the foregoing reasons, Counter-defendants respectfully request that the Court grant summary judgment in its favor as to all of Riener's counterclaims.

Respectfully submitted,

DATED: June 5, 2017  **LEE, HONG, DEGERMAN, KANG & WAIMEY**

By: /s/ David N. Makous
David N. Makous
Navdeep K. Singh
Attorneys for Plaintiffs and Counter-Defendants, U.S. Marine Surveyors, Inc. and U.S. Vessel Documentation, and Counter-Defendant John Soria